# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1247

_____

United States of America,  *
                            *
            Appellee,       *
                            *   Appeal from the United States
    v.                      *   District Court for the
                            *   Western District of Missouri.
Don L. Elbert, II,          *
                            *
            Appellant.      *

_____

Submitted: October 16, 2008
Filed:  April 6, 2009

_____

Before RILEY, BOWMAN, and COLLOTON, Circuit Judges.

_____

RILEY, Circuit Judge.

Don L. Elbert, II (Elbert) pled guilty, pursuant to a plea agreement, to one count of sex trafficking of a child in violation of 18 U.S.C. § 1591. Elbert reserved his right to appeal the district court's[1] denial of his three pretrial motions to admit evidence of the victims' alleged sexual behavior. Elbert now appeals, claiming the district court's exclusion of evidence the victims allegedly engaged in other acts of prostitution before and after the charged offenses violated his Fifth Amendment right to due

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

process and his Sixth Amendment right to confront the witnesses against him. We affirm.

## I.    BACKGROUND

On June 21, 2006, an undercover detective with the Kansas City (Missouri) Police Department was participating in a prostitution sting when he observed two females waving down cars and walking back and forth on the sidewalk. The undercover detective drove his vehicle to the area and initiated a conversation with one of the females. During this conversation, they agreed that the female would provide oral sex to the undercover detective in exchange for twenty dollars. The undercover detective signaled other members of the Police Department, and a uniformed officer stopped the undercover detective's vehicle. The female was immediately placed under arrest. Meanwhile, another detective observed two other females in the area watching the arrest. When these females saw what was taking place, they began to run toward a Chevrolet Suburban. The driver of the Suburban picked the two females up, but was stopped after driving a short distance. The driver, identified as Elbert, was arrested for promoting prostitution.

After Elbert's arrest, the three females were transported to police headquarters where they were each interviewed separately. Upon questioning, the police determined the females were actually young girls and sisters. The oldest sister was fifteen years old while the two younger sisters were thirteen year-old twins. Each child independently told the officers they worked as prostitutes to provide money to Elbert. The children explained that, on a nightly basis, Elbert transported all three girls to the area where the police observed them soliciting prostitution. Elbert instructed the children to work as prostitutes on separate street corners while Elbert monitored them. Each child was expected to earn sixty dollars a night, and they were often not permitted to leave the streets until they made fifty to one hundred dollars. Elbert took all of the money the children earned as prostitutes in exchange for food, clothing, and housing.

-2-

On June 30, 2006, each child was interviewed by a Child Protective Services (CPS) investigator. The children separately explained they met Elbert when he stopped his vehicle and began to speak with the oldest child, while they were all standing outside a liquor store in Kansas City, Missouri. Elbert exchanged telephone numbers with the oldest child and, during their conversations, she explained the girls were unhappy with their home situation and had considered leaving home. One night, Elbert picked up all three children from their home. That same night, the children attended a party where two of them engaged in sex acts. The three girls returned home. A week later, Elbert picked up the children, but this time, they did not return home.

During their interviews with the CPS investigator, the children detailed their stay with Elbert. Elbert had sexual relations with each of the children "to see how good they were before he put them out on the streets to work as prostitutes." Elbert took pictures of the children while they were showering, showed them pornographic movies, and often threatened them. Elbert told the children they were being watched at all times and warned them not to call anyone. The girls were afraid to leave or contact anyone because Elbert often became angry and violent.

On June 22, 2006, a criminal complaint was filed in the Western District of Missouri, charging Elbert with sex trafficking of a child between May 1, 2006, and June 20, 2006, in violation of 28 U.S.C. § 1591. A superseding indictment was subsequently filed adding two additional charges of the same offense. During the course of his proceedings, Elbert filed a motion, pursuant to Fed. R. Evid. 412(c)(1)(A), to admit evidence of the victims' previous and subsequent sexual behavior. The district court denied Elbert's motion because it was not timely filed, and explained the court would not have granted the motion even if it were timely filed because the evidence did not qualify for admission under one of the exceptions to Fed. R. Evid. 412 and was not relevant. The trial was continued for unrelated reasons, and Elbert filed a timely motion asking the court to reconsider his earlier motion to admit

evidence of the victims' prior sexual behavior, arguing relevance as well as confrontation and due process constitutional implications. Once again, the district court denied the motion, finding the evidence irrelevant and any impeachment value "of such limited value" so as not to implicate Elbert's constitutional rights. In response, Elbert filed a third motion asking the court to reconsider its previous rulings, and additionally claiming the preclusion of evidence of the victims' sexual history denied him the right to present a complete defense. Shortly thereafter, the district court denied Elbert's third motion.

On May 14, 2007, Elbert pled guilty to one count of sex trafficking of a child. In accord with the terms of his plea agreement, Elbert was sentenced to eight years imprisonment, the remaining counts of his indictment were dismissed, and Elbert retained the right to appeal the district court's rulings on his previous motions seeking to admit evidence of the victims' sexual history. This appeal followed.

## II. DISCUSSION
### A. Standard of Review

"We review the evidentiary rulings of a district court only for abuses of discretion, and will reverse only when an improper evidentiary ruling affects the substantial rights of the defendant or when we believe that the error has had more than a slight influence on the verdict." United States v. Ballew, 40 F.3d 936, 941 (8th Cir. 1994) (citations omitted). "[E]rror may not be predicated upon a ruling excluding evidence unless a substantial right of the party is affected and 'the substance of the evidence was made known to the court by offer' or was apparent from the context of the questions." Lee v. Rapid City Area School Dist. No. 51-4, 981 F.2d 316, 321 (8th Cir. 1992) (quoting Fed. R. Evid. 103(a)(2)).

The government urges us to find Elbert did not sufficiently preserve his issues for appeal because he did not make a sufficient offer of proof to the district court. "When a party has failed to preserve an evidentiary issue for appellate review," we

-4-

review for plain error.  Williams v. Wal-Mart Stores, Inc., 922 F.2d 1357, 1360 (8th Cir. 1990) (citation omitted).  "The purpose of an offer of proof is to inform the court and opposing counsel of the substance of the excluded evidence and to provide the appellate court with a record sufficient to allow it to determine if the exclusion was erroneous."  Ulmer v. Associated Dry Goods Corp., 823 F.2d 1278, 1283 n.2 (8th Cir. 1987) (citation omitted).

While it is debatable whether Elbert's alleged evidence actually exists, Elbert submitted a motion to the court asking the court's permission to admit the following evidence:

> (1) Statements of the alleged victims made to agents of the Federal Bureau of Investigation indicating that they had prostituted themselves before they were acquainted with the defendant; and (2) Medical records and statements of the alleged victims made to officers of the Kansas City, Missouri, Police Department indicating that they had prostituted themselves after the defendant already had been arrested for the offenses with which he currently is charged and was in custody of law enforcement officers.

Although Elbert failed to point to any actual interview, medical record, or statement where the victims supposedly admitted to other acts of prostitution, he did inform the district court of the documents and subject matter of the evidence he wished to submit.  However, we need not definitively decide the sufficiency of Elbert's offer of proof because, regardless of the standard of review, Elbert's claim fails.

## B.    Excluded Evidence

Elbert charges his constitutional rights were violated when he was not permitted to introduce evidence his victims engaged in other acts of prostitution.  It is true defendants have a constitutional right to introduce evidence in their own defense.  See United States v. Bordeaux, 400 F.3d 548, 558 (8th Cir. 2005).  However, this "right is not without limitation; it may sometimes have to 'bow to accommodate other

legitimate interests in the criminal trial process.'" Id. (quoting United States v. Scheffer, 523 U.S. 303, 308 (1998)). Such limitations, when placed upon a criminal defendant's right to present evidence, "may not be arbitrary or disproportionate to the purposes they are designed to serve." Id. (quoting Michigan v. Lucas, 500 U.S. 145, 151 (1991)). Our court has already held the limitations created by Fed. R. Evid. 412 on a defendant's ability to present evidence "is not arbitrary or disproportionate to the purpose it is designed to serve," because the exclusion serves an important interest—the prevention of "potential embarrassment or harassment of alleged victims of sexual abuse." Id. at 558.

"Rule 412 excludes, in civil or criminal proceedings involving alleged sexual misconduct, any evidence about a victim's sexual behavior unless certain conditions are met." Wilson v. City of Des Moines, 442 F.3d 637, 642 (8th Cir. 2006). One of the purposes of this rule is "'to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details.'" Id. at 643-44 (quoting Fed. R. Evid. 412 Advisory Committee Notes). In a criminal case, evidence of a victim's sexual behavior is only admissible for three purposes: (1) to prove a person other than the accused was the source of semen, injury or other physical evidence; (2) to show the victim consented to sexual activity with the accused; and (3) to avoid a violation of the defendant's constitutional rights. Fed. R. Evid. 412(b)(1).

None of the exceptions to the general rule of exclusion are applicable here. The first exception is not applicable because the government never attempted to prove Elbert caused any physical injury to the children or that he left behind semen or other physical evidence. See Fed. R. Evid. 412(b)(1)(A). Elbert was charged with sex trafficking of the minor children, not assault, abuse, or some other injury crime. Similarly, the second exception is inapplicable because Elbert was not charged with having sexual contact with the children, and further, the minor children could not consent to sexual contact. See Fed. R. Evid. 412(b)(1)(B); see also United States v.

Abad, 350 F.3d 793, 797 (8th Cir. 2003) ("'[W]hen sexual assaults are committed upon children . . . , consent is not a defense.'" (quoting Guarro v. United States, 237 F.2d 578, 581 (D.C. Cir. 1956))). The final exception permits admission of "evidence the exclusion of which would violate the constitutional rights of the defendant." Fed. R. Evid. 412(b)(1)(C).

Elbert first contends he was deprived of his Fifth Amendment due process right to present a "far more powerful defense" when he was not permitted to admit evidence of the child-victims' sexual behavior. Specifically, Elbert argues he could not "effectively defend himself regarding allegations that he enticed and recruited the alleged victims in this case, and caused them to engage in commercial sex acts."[2]

What Elbert fails to recognize is the evidence he wishes to admit does not provide a defense for the crime with which he was charged and convicted. Elbert repeatedly argues evidence of the victims' prior acts of prostitution demonstrates he did not cause them to engage in commercial sex acts. This argument relies upon an improper construction of the phrase "caused to engage." 18 U.S.C. § 1591(a).

---

[2]Elbert was charged with sex trafficking of a child under 18 U.S.C. § 1591(a), which states:

Whoever knowingly–

(1) in or affecting interstate or foreign commerce . . . recruits, entices, harbors, transports, provides, or obtains by any means a person; or
(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
knowing . . . the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

Because the victims were minors and could not legally consent, the government did not need to prove the elements of fraud, force, or coercion, which are required for adult victims. Id. Instead, the government was only required to prove Elbert knowingly recruited, enticed, harbored, transported, provided, or obtained a minor, knowing the minor would be caused to engage in commercial sex acts. Id. Whether the children engaged in acts of prostitution before or after their encounters with Elbert is irrelevant, and would only prove other people may be guilty of similar offenses of recruiting, enticing, or causing these victims to engage in a commercial sex act. The disputed evidence did not go to any element of the offense for which Elbert was charged, and the exclusion of such irrelevant evidence did not violate the Due Process Clause of the Fifth Amendment.

Second, the excluded evidence did not violate Elbert's Sixth Amendment right to confrontation. The Confrontation Clause only requires admission of probative evidence. See United States v. White Buffalo, 84 F.3d 1052, 1054 (8th Cir. 1996). If evidence has only minimal probative value and would have a highly prejudicial effect, a court can exclude the evidence without infringing upon the Confrontation Clause or other constitutional rights of a defendant. See id.; United States v. Bartlett, 856 F.2d 1071, 1088-89 (8th Cir. 1988).

Elbert maintains the district court violated his right to confront the witnesses against him when he was not permitted to impeach the victim-witnesses about other alleged acts of prostitution. In the past, our court has declared, "unchastity of a victim has no relevance whatsoever to [the victim's] credibility as a witness." United States v. Kasto, 584 F.2d 268, 271-72 n.3 (8th Cir. 1978). Such evidence also has no impeachment value here because evidence the children previously engaged in prostitution does not contradict evidence the children engaged in the acts of prostitution for which Elbert has been charged. Assuming any impeachment relevance of the minors engaging in other acts of prostitution, any probative value the evidence may have "is substantially outweighed by the danger of unfair prejudice."

See Fed. R. Evid. 403.  See also Bordeaux, 400 F.3d at 559 ("In light of the minimal probative value of the evidence and the important purpose of the exclusion, then, exclusion of the statement was not disproportionate to the purpose behind the exclusion.").  The district court's exclusion of the evidence did not violate the Confrontation Clause, and the district court did not abuse its discretion when it excluded Elbert's evidence.

## III.    CONCLUSION

We affirm the judgment of the district court.

_____