# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1054

_____

United States of America

*Plaintiff - Appellee*

v.

Jermaine Lamon Roy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: December 12, 2014
Filed: March 23, 2015

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Jermaine Lamon Roy of sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1). He appeals, arguing the district court[1] erred by excluding evidence of the victim's sexual history, and by not granting

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

a new trial because the government failed to inform the defense that the victim had given a false statement in an Arkansas murder case. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

After arresting two prostitutes, officers arrested the victim, also a prostitute. Officers noticed a bruise or small cut on her face, and other markings on her body. She identified Roy as her pimp and boyfriend. Roy had initially treated her well, but eventually told her that if she loved him, she would go make money for him. Roy began posting ads for the victim on Backpage.com. She was required to give Roy all the money she made from prostitution. Roy hit her every other day, one time taking her into the woods, beating her, and telling her she was going to die. According to several witnesses, the victim received disability benefits as a result of a learning disability and had difficulty reading, writing, and understanding complex concepts.

During the cross-examination of the victim, Roy sought to introduce a videotape of her performing oral sex on him until she was interrupted by a customer's phone call for directions to her apartment. He claimed the video was relevant to show that the victim was not forced into engaging in prostitution. The district court allowed Roy to cross-examine the victim about the video, but ruled that showing it was too prejudicial. Roy also sought to introduce testimony that the victim had engaged in prostitution before they met. He claimed this showed his mental state—he did not need coercion, threats, force, or fraud to convince her to engage in prostitution. The district court excluded evidence, on both timeliness and substantive grounds, of the victim's sexual activity before and after the time period in the indictment.

Before trial, the government provided Roy a *Giglio* disclosure about the prosecution's witnesses, including the victim's criminal history. *See generally **Giglio v. United States***, 405 U.S. 150, 154 (1972) (requiring prosecutors to disclose impeachment evidence about government witnesses). The government did not know

that, years earlier, the victim made a statement to the police in an Arkansas murder identifying a man named Beasley as the shooter. She later testified at Beasley's bond-reduction hearing that she did not see him shoot the victim, and had told the police what her friend said to say. *See Beasley v. State*, 258 S.W.3d 728, 729 (Ark. 2007).

Roy moved for a new trial, claiming that the district court erred in excluding the video as well as evidence of the victim's sexual history—this time claiming the evidence was relevant to show that Roy did not need to force her because she was experienced and willing to engage in prostitution. He also asserted a *Brady* violation for failure to disclose information about the victim's false statement to police in *Beasley v. State*. The district court denied the motion. Roy appeals.

I.

"We review the evidentiary rulings of a district court only for abuses of discretion, and will reverse only when an improper evidentiary ruling affects the substantial rights of the defendant or when we believe that the error has had more than a slight influence on the verdict." *United States v. Harris-Thompson*, 751 F.3d 590, 600 (8th Cir. 2014), *quoting United States v. Yarrington*, 634 F.3d 440, 447 (8th Cir. 2011) (internal quotation marks omitted).

A.

The district court excluded the video under Federal Rule of Evidence 403, which allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." The video shows the victim performing oral sex on Roy until she is interrupted to talk with a customer on the telephone. Roy claims that this shows the victim was the primary arranger and was not forced to engage in prostitution. Although the district court prohibited Roy from playing the video to the jury, it allowed him to cross examine the victim about

-3-

its contents. This court gives "*substantial deference* to a trial court's exclusion of evidence under Federal Rule of Evidence 403 so long as the trial court's exercise of discretion [does] not unfairly prevent a party from proving [its] case." ***United States v. Condon***, 720 F.3d 748, 754-55 (8th Cir. 2013) (alterations in original) (internal quotations omitted), *quoting* ***Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.***, 254 F.3d 706, 716 (8th Cir. 2001). The district court correctly concluded, "All of the relevant evidence that could have been shown by the videotape was shown through Smith's testimony." The district court did not abuse its discretion by determining the explicit video was substantially more prejudicial than probative.

B.

Evidence is not admissible to prove that a victim engaged in other sexual behavior or to prove a victim's sexual predisposition. **Fed. R. Evid. 412(a)**. There are three exceptions to this rule in criminal cases:

> (A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;
> (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and
> (C) evidence whose exclusion would violate the defendant's constitutional rights.

***Id.* 412(b)(1)**. A party wishing to introduce evidence under an exception must specifically describe the evidence and why it is offered. ***Id.* 412(c)(1)(A)**. A motion must be filed at least 14 days before trial, unless the court sets a different time. ***Id.* 412(c)(1)(B)**. The limitations of Rule 412 "serve[] an important interest—the prevention of 'potential embarrassment or harassment of alleged victims of sexual abuse.'" ***United States v. Elbert***, 561 F.3d 771, 776 (8th Cir. 2009), *quoting* ***United States v. Bordeaux***, 400 F.3d 548, 558 (8th Cir. 2005).

Roy claims that excluding evidence that the victim was a prostitute before meeting him violates his Fifth Amendment due process right to present relevant evidence. He relies on *Elbert*, which held that a history of prostitution was irrelevant to determine whether there was force, fraud, or coercion where the victims were minors and the crime had no element of force. *Elbert*, 561 F.3d at 777. Roy argues that, by implication, it *is* relevant where force, fraud, or coercion *is* an element. However, Roy's interpretation of *Elbert* is incorrect. Roy was charged under 18 U.S.C. § 1591:

> (a)Whoever knowingly—
>
> (1) . . . recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person . . .
>
> . . . .
>
> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . ., or any combination of such means will be used to cause the person to engage in a commercial sex act . . . shall be punished as provided in subsection (b).

At issue here is not recruiting an individual to engage in commercial sex for the first time, but doing an act with the use of force, threats, fraud, or coercion to cause the victim to engage in commercial sex. The victim's participation in prostitution either before or after the time period in the indictment has no relevance to whether Roy beat her, threatened her, and took the money she made from prostitution in order to cause her to engage in commercial sex. *See* **United States v. Cephus**, 684 F.3d 703, 708 (7th Cir. 2012) ("They wanted to suggest that having already been a prostitute she would not have been deceived by Cephus and therefore her testimony that she was coerced into working for him . . . should be disbelieved. But the testimony sought to be elicited by the cross-examination would have been irrelevant. Even if no promises were made to [the victim], this would not be evidence that she consented to be beaten and to receive no share of the fees paid by the johns she serviced. And even if she

knew going in, from her prior experience, that Cephus probably would beat her, it was still a crime for him to do so. . . . [T]he fact that she'd been a prostitute before does not suggest that he didn't beat and threaten her . . . ."); **United States v. Valenzuela**, 495 Fed. Appx. 817, 819-20 (9th Cir. 2012) (per curiam) ("Appellants cannot show the relevance of questions about prior prostitution to either Appellants' knowledge of the use of force, fraud, or coercion, or the victims' consent to work in prostitution.").

Roy argues that exclusion of the victim's sexual history also violated his Sixth Amendment right to confront and cross-examine witnesses, and to present a complete defense. He says jurors "might reasonably doubt just how truthful her testimony was if they were given evidence that she had been engaged in prostitution," and that the evidence could also demonstrate a reason for pleasing the government. First, "our court has declared, 'unchastity of a victim has no relevance whatsoever to [the victim's] credibility as a witness.'" **Elbert**, 561 F.3d at 777 (alteration in original), *quoting* **United States v. Kasto**, 584 F.2d 268, 271-72 n.3 (8th Cir. 1978). Second, the district court excluded the evidence, but stated, "If there is some basis for believing that she actually has a motive to testify against Mr. Roy based on the possibility that she might be prosecuted and might get credit against any potential sentence . . ., then that could come in without identifying what the crimes are." Finally, evidence of past prostitution has little impeachment value because it does not contradict her testimony about Roy. "If evidence has only minimal probative value and would have a highly prejudicial effect, a court can exclude the evidence without infringing upon the Confrontation Clause or other constitutional rights of a defendant." **Elbert**, 561 F.3d at 777. The district court did not abuse its discretion in excluding the evidence.

Alternatively, as the district court ruled, Roy did not file notice of his intent to present evidence of the victim's sexual history at least 14 days before trial as required by Rule 412(c)(1)(B). This "failure to comply with the time limits would be

sufficient grounds to uphold the district court's decision." ***United States v. Eagle***, 137 F.3d 1011, 1015 (8th Cir. 1998).

II.

Roy maintains that the prosecution improperly withheld information about the victim's lie to law enforcement discussed in the *Beasley* case, 258 S.W.3d at 729. *See* ***Brady v. Maryland***, 373 U.S. 83, 87 (1963). "To establish a *Brady* violation, a defendant must show that the government suppressed evidence that was favorable to the defendant and material either to guilt or to punishment." ***United States v. Heppner***, 519 F.3d 744, 750 (8th Cir. 2008). "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." ***United States v. Bagley***, 473 U.S. 667, 682 (1985).

There was no *Brady* violation here. "The government does not suppress evidence in violation of *Brady* by failing to disclose evidence to which the defendant had access through other channels." ***United States v. Santisteban***, 501 F.3d 873, 877 (8th Cir. 2007) (alteration omitted), *quoting* ***United States v. Zuazo***, 243 F.3d 428, 431 (8th Cir. 2001) (internal quotation marks omitted). *See* ***United States v. Ladoucer***, 573 F.3d 628, 636 (8th Cir. 2009) ("We conclude that the Government's failure to produce the transcript of Hartline's state court testimony did not violate *Brady* because the transcript was as available to Ladoucer as it was to the Government."). The information here was a matter of public record, in a published opinion of the Supreme Court of Arkansas. Further, the government was unaware of the victim's false statement to state police. ***United States v. Kern***, 12 F.3d 122, 126 (8th Cir. 1993) (holding that knowledge of state official is not imputed to federal prosecutor). Roy has "not shown that the government possessed the . . . information about [the victim] or was even aware of it prior to or during trial." ***Heppner***, 519 F.3d at 750.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____