# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 14-2874

———————————————

United States of America

*Plaintiff - Appellee*

v.

Markeace Arque Canty

*Defendant - Appellant*

——————

Appeal from United States District Court
for the District of Minnesota - St. Paul

——————

Submitted: May 15, 2015
Filed: July 27, 2015
[Unpublished]

——————

Before RILEY, Chief Judge, BRIGHT and MURPHY, Circuit Judges.

——————

PER CURIAM.

Appellant-Defendant Markeace Canty (Canty) appeals his jury trial conviction
for Conspiracy to Commit Sex Trafficking of a Child and Sex Trafficking of a Child

in violation of 18 U.S.C. §§ 1591(a) and (b)(2). The district court[1] sentenced Canty to 300-months' (25-years') imprisonment on each count of conviction, to run concurrently. Canty now seeks a new trial based on his claim the district court erred when it failed to suppress evidence from an iPhone and wallet that a detective, acting for the government, seized without a warrant in violation of his Fourth Amendment rights. Canty also contends his sentence is excessive. We reviewed the record, reject Canty's claims, and affirm.

## I. BACKGROUND

An investigation into Canty's prostitution activities began in September 2012. During the investigation, the FBI uncovered telephone numbers, connected to Canty, used to place advertisements on Backpage.com.[2] Many advertisements listed a telephone number registered to either K.W., the named minor victim, or Canty.

The FBI obtained warrants to search Canty's hotel room and car. A detective assisted in the execution of the warrants and detained Canty as he walked between the hotel room and the car. Prior to placing Canty in a squad car, the detective searched Canty, removing an iPhone and wallet from Canty's pockets.

During the search of the car, law enforcement seized a Samsung Galaxy cell phone and a laptop computer. The laptop was "synced" with the iPhone—meaning

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

[2]Backpage.com is a website known for posting disguised advertisements for prostitution services. See, e.g., United States v. Roy, 781 F.3d 416, 418 (8th Cir. 2015) (describing that a pimp posted advertisements to provide prostitution services on Backpage.com); United States v. Winbush, 524 F. App'x 914, 915 (4th Cir. 2013) (per curiam) (unpublished) (concluding the defendant's "prostitutes advertised their services" on Backpage.com).

all of the information found on the iPhone could also be accessed through Canty's lawfully-seized laptop. The FBI analyzed both phones and admitted their content into evidence at trial. Both phones contained incriminating information.

After his arrest for the instant offenses, Canty filed a motion to suppress the fruits of the search of his person (the iPhone and wallet). The district court denied the motion and the case proceeded to a jury trial. The jury convicted Canty.

Before sentencing, the Presentence Investigation Report recommended a Guideline range of 360-months to life imprisonment. The sentencing judge declined to apply a two-level enhancement for undue influence, which resulted in a Guideline range of 324- to 405-months' imprisonment. The sentencing judge departed downward from the Guideline range and imposed a 300-month (25-year) term of imprisonment on each count, to run concurrently. Canty appealed both the district court's denial of his motion to suppress and his sentence.

## II.  DISCUSSION

### A.    Motion to Suppress

We first review whether the district court erred in denying Canty's motion to suppress the iPhone and wallet as fruits of an illegal search. We review the district court's legal conclusions de novo and factual findings for clear error. United States v. Lomeli, 676 F.3d 734, 738 (8th Cir. 2012). We "affirm the district court's decision . . . unless it is not supported by substantial evidence . . . ; it reflects an erroneous view of the applicable law; or . . . [we are] left with the definite and firm conviction that a mistake has been made." United States v. Janis, 387 F.3d 682, 686 (8th Cir. 2004) (alteration in original) (citation omitted) (internal quotation marks omitted).

Here, even if the district court had suppressed Canty's iPhone and wallet—and all of their contents—the evidence presented by the government was extremely strong regarding the prostitution of K.W. Thus, any admission of the evidence was harmless. United States v. Martinez, 462 F.3d 903, 910 (8th Cir. 2006) (holding "[a]n error is harmless if it does not affect substantial rights of the defendant, and did not influence or had only a slight influence on the verdict" (citation omitted)).

Further, the record plainly shows the contents of the iPhone was admissible under the doctrine of inevitable discovery. Evidence need not be suppressed if inevitable discovery is proved by preponderance of the evidence. United States v. Glenn, 152 F.3d 1047, 1049 (8th Cir. 1998). To prove inevitable discovery, the government must show: (1) a reasonable probability the evidence collected from the iPhone "would have been discovered by lawful means in the absence of police misconduct, and (2) that the government was actively pursuing a substantial, alternative line of investigation at the time of the constitutional violation." Id. (citation omitted) (internal quotation marks omitted).

In this case, there is not only a "reasonable probability" the evidence from the iPhone would have been lawfully collected, the same evidence was collected during the execution of the search warrants. The government presented evidence at the suppression hearing that all the materials on Canty's iPhone were available through the lawfully-seized laptop. The information was available because Canty elected to "sync" his iPhone with the laptop. Moreover, this evidence was collected through an alternative line of investigation—the execution of a lawfully obtained search warrant.

For these reasons, we affirm the district court's denial of Canty's motion to suppress the evidence seized from his person.

**B.    300-Month Sentence**

Canty further argues the district court erred in its imposition of a 300-month term of imprisonment by giving too much weight to the Guideline range and giving too little weight to mitigating factors.  We consider this claim.

We review a challenge to the reasonableness of a sentence for abuse of discretion.  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007).  When a sentence is imposed within the applicable Guideline range, we presume the sentence is reasonable.  United States v. Heath, 624 F.3d 884, 888 (8th Cir. 2010).  But where, as here, the sentence imposed is below the Guideline range, it is very difficult to conclude a sentencing judge abused his/her discretion in not varying downward further.  See United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009).

Here, Canty was sentenced more favorably than the bottom-end of the Guideline range (324 months) when the sentencing judge varied downward to 300 months (25 years).  At sentencing, the district court explicitly weighed the offense of conviction, Canty's behavior at trial, and Canty's criminal history, with mitigating factors supporting a lower sentence.  Thus, the sentencing judge "adequately explain[ed] [her] chosen sentence," Gall, 552 U.S. at 50, 128 S. Ct. 586, 169 L. Ed. 2d 445, and her balancing of the 18 U.S.C. § 3553(a) factors was not an abuse of discretion.  Thus, the sentence is not reversible.

### III.  CONCLUSION

For the foregoing reasons, we affirm.

_____