**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 17-4136**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

      v.

KENWANIEE VONTORIAN TATE, a/k/a Keno,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:15-cr-00265-RJC-DCK-1)

———————

Submitted: December 29, 2017          Decided: January 10, 2018

———————

Before TRAXLER, KING, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Ross Hall Richardson, Joshua B. Carpenter, FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF NORTH CAROLINA, Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenwaniee Vontorian Tate appeals his convictions and sentence of 480 months of imprisonment for sex trafficking of a minor, in violation of 18 U.S.C.A. § 1591(a)(1), (b)(1), (2) (West 2015 & Supp. 2017), and committing a felony offense involving a minor while under a duty to register as a sex offender, in violation of 18 U.S.C. § 2260A (2012). He challenges the sufficiency of evidence on his § 1591 conviction, the district court's jury instruction regarding consent, and the procedural reasonableness of his sentence. We affirm.

We review de novo the sufficiency of the evidence supporting a conviction. *United States v. Barefoot*, 754 F.3d 226, 233 (4th Cir. 2014). A defendant challenging evidentiary sufficiency carries "a heavy burden." *United States v. Cornell*, 780 F.3d 616, 630 (4th Cir. 2015) (internal quotation marks omitted). We will uphold a conviction if, "view[ing] the evidence in the light most favorable to the government . . . [,] *any* rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Barefoot*, 754 F.3d at 233 (internal quotation marks omitted). A reviewing court "does not reweigh the evidence or the credibility of witnesses," *United States v. Roe*, 606 F.3d 180, 186 (4th Cir. 2010), and must examine the evidence "in [a] cumulative context" rather than "in a piecemeal fashion," *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996) (en banc). Consequently, "reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Said*, 798 F.3d 182, 194 (4th Cir. 2015) (brackets and internal quotation marks omitted).

2

Ample evidence showed that Tate used force, fraud, or coercion to cause the victim to engage in commercial sex acts. *See* 18 U.S.C. § 1591(e)(2)(A), (B) (2012) (defining coercion for purposes of 18 U.S.C.A. § 1591); 18 U.S.C. § 1591(e)(4) (2012) (defining serious harm in definition of coercion). For example, the victim stated that Tate slapped and punched her, flung her to the ground, and slammed her head against a wall when she made him mad and did not make enough money for him. Tate, however, was careful not to bruise the victim's face, or else she would not be able to make any money. The victim also testified that Tate did not allow her to keep any of the money she made and that she never hid any money because she was scared Tate would slap her. In addition, Tate controlled the rates the victim charged and all aspects of her everyday life. Furthermore, although Tate told the victim that she would not have to work if she returned from a weekend visit with family, she resumed working the day after she returned. Thus, we conclude that a rational juror could find the evidence sufficient to show that Tate used force, fraud, or coercion to cause the victim to engage in commercial sex acts. *See Barefoot*, 754 F.3d at 233.

Next, Tate contends that the jury instruction regarding consent conflicted with the statutory language because it essentially removed the requirement that the defendant's action caused a minor to engage in a commercial sex act. We review de novo a claim that the jury instructions incorrectly stated the law. *United States v. Blankenship*, 846 F.3d 663, 670 (4th Cir. 2017), *cert. denied*, __ S. Ct. __, No. 16-1413, 2017 WL 2311890 (U.S. Oct. 10, 2017). "In conducting such a review, we do not view a single instruction in isolation" but instead "consider whether taken as a whole and in the context of the

3

entire charge, the instructions accurately and fairly state the controlling law." *Id.* at 670-71 (internal quotation marks omitted). We conclude that the district court accurately stated the controlling law in the challenged instruction. *See United States v. Elbert*, 561 F.3d 771, 777 (8th Cir. 2009) (holding that minor cannot consent to be sexually trafficked); *accord United States v. Mack*, 808 F.3d 1074, 1081 (6th Cir. 2015).

Finally, Tate contends that the district court committed procedural error by failing to address his nonfrivolous argument for a downward variance in light of his age. "We review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). A district court "need not robotically tick through the [18 U.S.C.] § 3553(a) [(2012)] factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). But "[w]here the defendant . . . presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory [Sentencing] Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted). We may not presume that "the district court has silently adopted arguments presented by a party" and "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Carter*, 564 F.3d 325, 329-30 (4th Cir. 2009).

Here, the court took into account Tate's age when it questioned the Government about whether a 25-year sentence would accomplish the goals of sentencing, yet deemed

4

age not compelling when weighed against other § 3553(a) factors. The court focused particularly on the egregious nature of Tate's offenses and his lengthy criminal history. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (observing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors"). We conclude that the district court committed no procedural error.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*