**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2743

_____

UNITED STATES OF AMERICA

v.

FREDRICK BROWN,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:17-cr-00396-001)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 24, 2020

Before: AMBRO, SHWARTZ, and BIBAS, *Circuit Judges*

(Filed: May 19, 2020)

_____

OPINION[*]

_____

BIBAS, *Circuit Judge*.

   Fredrick Brown was a pimp who used lies to push women and an underage girl into

prostitution and violence to keep them in it. A federal jury convicted him of several crimes,

including sex trafficking a minor and sex trafficking through force, fraud, or coercion. His

_____

[*]  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

defense at trial was that his victims were prostitutes by choice, not victims of abuse. The District Court let Brown cross-examine his victims about their other prostitution during the three years charged in the indictment. But it barred him from questioning them about their earlier and later histories of prostitution, relying on Federal Rule of Evidence 412 (often called the rape-shield law). Because the court did not abuse its discretion by excluding this evidence, we will affirm.

## I. BACKGROUND

### A. Facts

From 2011 to 2014, Brown ran a prostitution ring out of a few hotels in northeastern Pennsylvania. During that time, he met A.B., a 17-year-old homeless runaway from Russia. He took her in and gave her drugs. Soon, he pushed her into prostitution to earn money, but told her that she would be safe only if he was her pimp. She agreed. For more than a year, he set her up with johns whom he knew from his drug dealing. Usually, this happened in local hotels. But sometimes, he drove her to other hotels as far away as New York and Virginia.

Brown enticed A.B. into prostitution by falsely promising her lots of money. Though at first he proposed to split her earnings equally, he took most of her share to cover the costs of hotel rooms, food, condoms, and a fee for his protection. To control her, he punched, slapped, pistol-whipped, raped, and pointed his gun at her. One beating was so severe that she had to go to the hospital. A.B. feared that if she disobeyed him, he would kill her. Brown also controlled all her immigration paperwork, so as a noncitizen A.B. worried that she could not leave him. Brown was violent toward his other prostitutes too.

2

Eventually, state and federal investigators learned of Brown's prostitution ring. By then, he had been sentenced to state prison on DUI and drug charges. A federal grand jury charged him with several crimes, including sex trafficking "by means of … force, fraud, or coercion" and trafficking a minor. 18 U.S.C. § 1591(a), (b)(1).

## B. Procedural history

Before trial, the Government expected Brown to argue that his victims had prostituted for him voluntarily as they had been prostitutes before. So the Government moved to exclude the victims' histories of prostitution under Rule 412. Brown argued that the evidence was admissible under an exception to the rule, because excluding it would "violate [his] constitutional rights" to confront witnesses and to present his defense. Fed. R. Evid. 412(b)(1)(C).

The District Court granted the motion in part. It let Brown ask the victims about their prostitution histories, but only during the years when he allegedly ran the ring. Everything else, the court ruled, would be "unduly prejudicial under [Rule] 403" and would undermine one of Rule 412's purposes: to "protect individuals who are victims of sex trafficking." App. 16.

At trial, several of Brown's victims, including A.B., testified in detail about Brown's sex trafficking. The court let him cross-examine them on any prostitution between 2011 and 2014, even if Brown was not involved, because it went to whether their prostitution for Brown was consensual or coerced. Brown used this latitude on cross-examination. And in his closing, defense counsel argued: "These folks are in [the] business. So it isn't like no one can get away from this man. It's just that some chose to stay longer than others

3

because the money was better." Day 4 Trial Tr. 107:9–:12, *United States v. Brown*, No. 3:17-cr-00396-001 (M.D. Pa. Mar. 15, 2019), ECF No. 119. That defense failed. The jury convicted Brown on all counts.

Brown now appeals his conviction, challenging the District Court's partial exclusion of the witnesses' histories of prostitution under Rule 412. The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under § 1291. We review the court's reading of the rules of evidence de novo and its application of them for abuse of discretion. *United States v. Tyson*, 947 F.3d 139, 142 (3d Cir. 2020). A court does not abuse its discretion unless its evidentiary rulings are "arbitrary" or "irrational." *United States v. Bailey*, 840 F.3d 99, 117 (3d Cir. 2016) (quoting *United States v. Schneider*, 801 F.3d 186, 198 (3d Cir. 2015)).

## II. THE DISTRICT COURT PROPERLY EXCLUDED SOME EVIDENCE OF THE WITNESSES' OTHER PROSTITUTION UNDER RULE 412

The District Court read Rule 412 correctly. And it applied that rule properly to exclude evidence that had little (if any) probative value and was highly prejudicial, while still giving Brown leeway to present his defense. So the court neither abused its discretion nor violated his constitutional rights.

Rule 412's reach is broad. In "criminal proceeding[s] involving alleged sexual misconduct," it bars evidence of "a victim's sexual predisposition," including evidence "that a victim engaged in other sexual behavior." Fed. R. Evid. 412(a)(1)–(2). The Rule seeks to encourage victims to bring and take part in prosecutions by shielding them from harassing, invasive, and minimally probative inquiries into their sexual histories. *See id.* r. 412

4

advisory committee's note to 1994 amendment. But it does not pursue that goal at all costs. It has several exceptions, including one when otherwise forbidden evidence is needed to protect a defendant's constitutional rights. *Id.* r. 412(b)(1)(C).

The testimony that Brown tried to elicit was inadmissible under Rule 412. He sought to argue that his victims' prostitution histories predisposed them to consensual prostitution with him as their pimp. So the only question is whether the Constitution required admitting the evidence. Brown argues that by preventing cross-examination on earlier and later prostitution, the court "effectively barred" him from contesting the mens rea required for the crimes charged. Appellant's Br. 13–14. Barring that evidence, he argues, violated the Due Process and Confrontation Clauses. *See* U.S. Const. amends. V, VI.

We disagree. A defendant's right to cross-examine witnesses is "not unlimited." *United States v. Fattah*, 914 F.3d 112, 180 (3d Cir. 2019). Nor is his right to present the defense of his choice against an essential element of a crime. *Clark v. Arizona*, 548 U.S. 735, 769–70 (2006). Both are subject to reasonable restrictions, including the Federal Rules of Evidence. *Id.* at 770; *Fattah*, 914 F.3d at 180. Evidentiary restrictions are unconstitutional only if their application is "arbitrary" or "disproportionate to the purposes that they are designed to serve." *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)).

The limitations that the District Court imposed here were neither arbitrary nor disproportionate. On the contrary, they focused the trial on the relevant time while still giving Brown substantial freedom to put on his defense. The court let him cross-examine the victims about any prostitution during the three-year period charged in the indictment, even if

Brown was not involved. That was more than enough to preserve his constitutional rights. *See United States v. Lockhart*, 844 F.3d 501, 509–10 (5th Cir. 2016).

In any event, whether Brown's victims engaged in prostitution before 2011 or after 2014 would have had little if any probative value. That is precisely why our sister circuits have repeatedly upheld excluding similar predisposition evidence. *See, e.g.*, *United States v. Roy*, 781 F.3d 416, 420 (8th Cir. 2015) ("The victim's participation in prostitution either before or after the time period in the indictment has no relevance to whether [the defendant] beat her, threatened her, and took the money she made from prostitution in order to cause her to engage in commercial sex."); *United States v. Cephus*, 684 F.3d 703, 708 (7th Cir. 2012) (holding that a victim's prior prostitution "does not suggest" that she voluntarily prostituted for the defendant or consented to beatings and threats). And even if this evidence were probative, it would have been substantially outweighed by the danger of unfair prejudice. *See Bailey*, 840 F.3d at 122 (citing *Old Chief v. United States*, 519 U.S. 172, 184 (1997)). Thus, Rule 403 more than justified the court's temporal limitation. Fed. R. Evid. 403.

* * * * *

District courts have wide discretion to apply the Federal Rules of Evidence, even when they restrict a defendant's cross-examination of witnesses and his ability to put on the defense of his choice. Here, the District Court properly applied Rule 412, limiting evidence of the victims' prostitution histories to the timeframe charged in the indictment. Because the court did not abuse its discretion, we will affirm.