[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14153

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LONNIE DONTAE MITCHELL,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:21-cr-00344-RAH-KFP-1

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Lonnie Dontae Mitchell appeals his convictions for sex trafficking of a minor, sex trafficking by force, fraud, or coercion, and interstate travel for purposes of prostitution under 18 U.S.C. §§ 1591 and 2422. He argues the district court erred by excluding evidence of the victims' prior acts of prostitution under Federal Rule of Evidence 412 and by admitting bad act evidence against him in violation of Federal Rule of Evidence 404(b). We disagree. For the reasons explained below, we affirm Mitchell's conviction and sentence.

## I.

Lonnie Mitchell ran a sex trafficking scheme where he recruited women to perform commercial sex acts and turn over their proceeds to him. In addition to extorting and physically abusing the women, Mitchell used his status as a drug dealer to recruit women and provided drugs to the women so that they would develop a drug addiction. Mitchell would then withhold drugs from the women until they performed commercial sex acts.

The district court granted the government's motion to preclude Mitchell from introducing evidence of the victims' prior sexual behavior and predisposition under Federal Rule of Evidence 412. It reasoned that there was little probative value in admitting any evidence of the victims' prior sex acts. The district court

permitted wide-ranging cross-examination regarding the victims' dealings with Mitchell, including the means he used to cause them to engage in commercial sex.

The district court also denied Mitchell's request under Rule 404(b) to prevent the government from referencing Mitchell's other "bad acts," including evidence of his drug-dealing activities as a means to control and coerce his victims. The district court reasoned that the admission of this evidence was not used for propensity but was instead direct evidence that went to the elements of the crimes charged, i.e., that Mitchell used drugs to recruit victims and to force and coerce them to engage in commercial sex acts. The district court limited the United States' frequency of the terms "drug dealer" and "drug distributor" to refer to Mitchell.

Mitchell timely appealed these two rulings after a jury convicted him on all counts and the district court sentenced him.

## II.

We review the district court's evidentiary rulings for an abuse of discretion. *See United States* v. *Hernandez*, 906 F.3d 1367, 1369 (11th Cir. 2018). However, when a defendant alleges the exclusion of evidence violated his constitutional rights, we review the rulings *de novo*. *See United States* v. *Sarras*, 575 F.3d 1191, 1209 n.24 (11th Cir. 2009).

## III.

Mitchell first argues that the district court violated his rights under the Confrontation Clause by excluding evidence of his

victims' voluntary prostitution under Federal Rule of Evidence 412. He argues this evidence was critical to his defense against the charges against him and thus his rights were violated when he could not present his full defense. He also argues that the government opened the door for him to question the victims regarding their prior commercial sex acts on three different occasions.

Rule 412 prohibits the use of a victim's sexual conduct "to prove that a victim engaged in other sexual behavior" or "to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). However, Rule 412 provides an exception in criminal cases for "evidence whose exclusion would violate the defendant's constitutional rights." *Id.* at 412(b)(1)(C).

"[T]he Sixth Amendment guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *United States v. Beale*, 921 F.3d 1412, 1424 (11th Cir. 1991) (citation omitted). Thus, we have recognized that "a defendant's right to present a complete defense is not absolute, and is subject to reasonable restrictions." *United States v. Mitrovic*, 890 F.3d 1217, 1221 (11th Cir. 2018) (citing *United States v. Scheffer*, 523 U.S. 303, 308 (1998)). Indeed, "state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials. Such rules do not abridge an accused's right to present a defense so long as they are not arbitrary or disproportionate to the purposes they are designed to serve." *Id.* (citation omitted). In these circumstances, a defendant's Confrontation Clause rights are

violated when the district court prohibits questioning that would give a reasonable jury "a significantly different impression of the witness' credibility . . . ." *United States v. Garcia*, 13 F.3d 1464, 1469 (11th Cir. 1994).

We have rejected similar Confrontation Clause challenges in an unpublished opinion, and many of our sister circuits have held that a defendant's Confrontation Clause rights are not violated when a district court prohibits evidence of a victim's sexual history. *See United States v. Williams*, 564 F. App'x 568, 575–77 (11th Cir. 2014); *United States v. Carson*, 870 F.3d 584, 593–94 (7th Cir. 2017); *United States v. Lockhart*, 844 F.3d 501, 510 (5th Cir. 2016); *United States v. Gemma*, 818 F.3d 23, 34 (1st Cir. 2016); *United States v. Mack*, 808 F.3d 1074, 1084 (6th Cir. 2015); *United States v. Rivera*, 799 F.3d 180, 185–86 (2d Cir. 2015); *United States v. Roy*, 781 F.3d 416, 420 (8th Cir. 2015). Those decisions recognize that whether a victim previously engaged in commercial sex acts is irrelevant to establish that the defendant forced or coerced the victims into engaging in commercial sex acts under the charged circumstances. They reason that voluntary prostitution is a separate act from commercial sex transactions that occur as the result of force or coercion. *See Carson*, 870 F.3d at 595. Thus, because testimony about a trafficking victim's prior sex acts has little to no probative value, those decisions hold that a district court does not violate a defendant's rights under the Confrontation Clause by precluding this kind of evidence.

In the light of this authority, the district court did not err by prohibiting Mitchell from introducing evidence of the victims'

other sexual behavior under Rule 412. Mitchell did not establish how the introduction of that evidence was relevant; instead, he appears to have sought to use it only as propensity evidence to suggest that, because the women had engaged in prostitution before, he likely did not force or coerce them into engaging in commercial sex acts. Apart from this restriction under Rule 412, Mitchell was permitted wide ranging cross-examination as to the victims' dealings with him.

Even if the court did err in prohibiting evidence of the victims' other sexual acts, any such error was harmless. *See United States v. Jones*, 601 F.3d 1247, 1264 (11th Cir. 2010). Mitchell did not establish that this testimony would have any serious effect on the jury in light of the evidence against him. The government presented evidence that Mitchell physically assaulted the women, threatened them, blackmailed them, and used their drug addictions against them to force them to engage in commercial sex. No evidence of the women's prior sexual acts would give a reasonable jury "a significantly different impression" of the women's credibility regarding the force and coercion Mitchell used to cause them to engage in commercial sex acts. *Garcia,* 13 F.3d at 1469. "In light of all the evidence available to the jury, we can say with fair assurance . . . that the judgment was not substantially swayed by" the district court's exclusion of the victims' prior prostitution "and therefore substantial rights were not affected." *Jones*, 601 F.3d at 1264 (cleaned up).

We also agree with the government that it did not open the door for Mitchell to question the victims about their prior commercial sex acts. The government asked the women questions about the sex acts the women engaged in during their relationship with Mitchell, not the victims' entire sexual history. And Mitchell was properly permitted to cross-examine the victims regarding their relationship with him and sex acts they committed during that relationship. For these reasons, the district court did not violate Mitchell's rights under the Confrontation Clause when it prohibited the introduction of evidence of the victims' prior sexual acts under Rule 412.

Mitchell next argues that the district court abused its discretion when it allowed the government to introduce "bad act" evidence regarding his drug dealing activities. Indeed, one way the government sought to prove that Michell caused the victims to engage in sex trafficking was that he used his position as a drug dealer and access to drugs to recruit the women, increase and maintain their addictions, and use those addictions to force them to engage in commercial sex acts. Mitchell says the admission of that evidence violated Rule 404(b), which prohibits the admission of extrinsic evidence of a defendant's wrongful acts to prove his character and that he acted in accordance with that character. Fed. R. Evid. 404(b)(1).

However, Rule 404(b) deals only with the admissibility of extrinsic evidence and does not cover intrinsic evidence. *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007). Evidence of

criminal activity is intrinsic when it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *Id.* Evidence is "inextricably intertwined" when "it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *Id.* (citations omitted).

The district court did not err in admitting evidence of Mitchell's drug dealing activity because that activity was "inextricably intertwined" with the offenses he was charged with and was thus intrinsic evidence not subject to Rule 404(b). The evidence Mitchell challenges established that he used his status as a drug dealer and access to drugs to recruit women with drug addictions, increase their addictions, then used those addictions to force them to engage in commercial sex acts. He similarly introduced women to drugs until they became addicted then used their addictions against them to force them to engage in commercial sex acts. Thus, the evidence of Mitchell's drug dealing activities was key to the witness's accounts of the commercial sex acts Mitchell caused them to engage in through force and coercion. Because this evidence was intrinsic and not subject to rule 404(b)'s prohibition, the district court did not abuse its discretion in admitting the evidence.

## IV.

For the reasons stated above, the district court is **AFFIRMED**.