NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10106 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00064-KJD-GWF-1 |
| v. | |
| JACK WILLIAM MORGAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted May 15, 2019**
San Francisco, California

Before:  McKEOWN and GOULD, Circuit Judges, and LASNIK,*** District Judge.

Jack Morgan raises several challenges to his convictions for kidnapping and

conspiring to commit kidnapping, 18 U.S.C. § 1201(a)(1), (c), and his resulting life

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

The district court's failure to conduct a sua sponte competency hearing was not plain error because "a reasonable judge would [not] be expected to experience a genuine doubt" as to Morgan's competence. *United States v. Garza*, 751 F.3d 1130, 1134 (9th Cir. 2014) (quoting *United States v. Dreyer*, 705 F.3d 951, 961 (9th Cir. 2013)). The absence of any "indication that [Morgan] failed to understand or assist in his criminal proceedings" precludes a finding of plain error. *United States v. Neal*, 776 F.3d 645, 656 (9th Cir. 2015) (quoting *Garza*, 751 F.3d at 1136).

Even assuming error with respect to exclusion of evidence of Morgan's prior sexual relationship with the victim, any such error was harmless. *See United States v. Haines*, 918 F.3d 694, 699-700 (9th Cir. 2019). There were overwhelming (and largely undisputed) indicia of guilt, and there was no question that Morgan and the victim ended their relationship a year and a half prior to the kidnapping. It is inconceivable that the excluded evidence could have changed the verdict.

Likewise, assuming Morgan's pre-trial filings and statements preserved his constitutional speedy trial claim, that claim fails under the governing four-factor balancing test. *United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007). Even crediting Morgan's pre-trial complaints as a "prompt assertion of speedy trial rights," the ten-month delay here was modest and does not, if at all, weigh much in

2

his favor. *United States v. Gregory*, 322 F.3d 1157, 1161-62 & nn.3-4 (9th Cir. 2003). On the other hand, there was a "valid reason" that "serve[d] to justify appropriate delay": Morgan's co-defendant requested two short continuances to adequately prepare his defense. *Barker v. Wingo*, 407 U.S. 514, 531 (1972). Morgan concedes that the only potential prejudice he suffered was pretrial detention—yet, his additional time in pretrial custody was far short of the "oppressive" detention needed to demonstrate prejudice. *Gregory*, 322 F.3d at 1163 (quoting *Doggett v. United States*, 505 U.S. 647, 654 (1992)). Considered together, these factors reflect that Morgan's right to a speedy trial was respected. *See Barker*, 407 U.S. at 530-34.

Morgan's claim that the district court erred by failing to impose counsel, against his will, at sentencing fails as a matter of law: the right to self-representation extends through sentencing, so a district court is constitutionally prohibited from doing any such thing. *See Faretta v. California*, 422 U.S. 806 (1975) (recognizing right to self-representation); *Lopez v. Thompson*, 202 F.3d 1110, 1117 (9th Cir. 2000) (clarifying that this right extends through sentencing).

Given that Morgan failed to "manifest[] genuine contrition for his acts," the district court's determination that he did not accept responsibility was not clearly erroneous. *United States v. Rodriguez*, 851 F.3d 931, 949 (9th Cir. 2017) (quoting *United States v. Cantrell*, 433 F.3d 1269, 1285 (9th Cir. 2006)). Even assuming that Morgan's advisory counsel adequately preserved Morgan's objections to the district

3

court's upward departures, none of the departures was an abuse of discretion.  *See United States v. Lloyd*, 807 F.3d 1128, 1139 (9th Cir. 2015).  Physical injury need not result in permanent disfigurement to be "significant" under U.S.S.G. § 5K2.2, and the numerous injuries suffered by the victim were unquestionably severe.  The botched use of a stun gun does not preclude a departure for the use or possession of a weapon or dangerous instrumentality under U.S.S.G. § 5K2.6.  Nor is there evidence establishing that the rifle was inoperable and therefore clearly incapable of inflicting bodily harm.

Finally, to the extent Morgan challenges the substantive reasonableness of his sentence, that argument fails as well—this is not one of the "rare cases" where a sentence is substantively unreasonable.  *United States v. Ressam*, 679 F.3d 1069, 1088 (9th Cir. 2012).

**AFFIRMED.**