NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TRAVON JARVEL JACKSON,

Defendant-Appellant.

No.  18-10156

D.C. No.
4:16-cr-01704-RM-LAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted March 3, 2020[**]
Phoenix, Arizona

Before:  HAWKINS, OWENS, and BENNETT, Circuit Judges.

Travon Jarvel Jackson appeals his jury conviction for one count of sex

trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1),

(a)(2), and (b)(1); and one count of interstate transportation for prostitution, in

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 2421(a).  As the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The district court did not abuse its discretion in excluding evidence of the victim's (V.C.) other acts of prostitution.  Federal Rule of Evidence 412 generally prohibits the admission of "evidence offered to prove that a victim engaged in other sexual behavior" in civil or criminal proceedings involving alleged sexual misconduct, including in sex trafficking cases.  *See United States v. Haines*, 918 F.3d 694, 697 (9th Cir. 2019).  Jackson argues that one of the exceptions to Rule 412 applies because the exclusion of V.C.'s other acts of prostitution violated his Sixth Amendment confrontation rights.  *See* Fed. R. Evid. 412(b)(1)(C).  We disagree.

Evidence of other acts of prostitution is irrelevant to whether Jackson used force, fraud, or coercion to cause V.C. to engage in commercial sex acts.  18 U.S.C. § 1591(a); *Haines*, 918 F.3d at 697–98.  Additionally, the district court acted within its discretion in excluding under Federal Rules of Evidence 403 and 412 evidence of V.C.'s lie to an investigating officer about her prior prostitution activities.  *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (discussing a trial judge's "wide latitude" in "impos[ing] reasonable limits on . . . cross-examination").  Finally, the district court did not abuse its discretion in ruling that

2

the government had not opened the door to V.C.'s other acts of prostitution because the evidence was not necessary to "rebut any false impression." *United States v. Sine*, 493 F.3d 1021, 1037 (9th Cir. 2007) (emphasis omitted). The district court acted within its discretion in concluding that even if the government opened the door, evidence of V.C.'s other prostitution activities would be more prejudicial than probative and should be excluded under Rule 412. *See S.M. v. J.K.*, 262 F.3d 914, 920 (9th Cir. 2001), *amended by* 315 F.3d 1058 (9th Cir. 2003).

2. The prosecutor did not engage in misconduct and deny Jackson a fair trial. The prosecutor did not impermissibly vouch when she stated that the law enforcement officers in the case "have experience interviewing people, judging their credibility, [and] making sure things match up." *See United States v. Weatherspoon*, 410 F.3d 1142, 1146 (9th Cir. 2005) (discussing when a prosecutor impermissibly vouches). The statements were supported by law enforcement officers' testimony at trial and were responsive to defense counsel's argument that the officers took what V.C. said as "golden" and failed to obtain corroborating evidence.

Jackson also argues that the prosecutor impermissibly referenced that there was scant evidence of V.C.'s untruthfulness after successfully excluding V.C.'s lie to law enforcement. Assuming without deciding the prosecutor's argument was

improper, it was an invited response to the defense's inaccurate argument that "there were several things that just weren't true" in V.C.'s interview with law enforcement. *See United States v. Nobari*, 574 F.3d 1065, 1078–79 (9th Cir. 2009).

Further, Jackson's argument that the government committed prosecutorial misconduct by misstating the law on venue is without merit. *See United States v. Flores*, 802 F.3d 1028, 1034 (9th Cir. 2015) (holding that misstating the law to the jury is prosecutorial misconduct). The government correctly stated the law when the prosecutor argued that the jury only needed to find Jackson harbored or transported V.C. for prostitution at "some point" between the dates given. *See* Model Crim. Jury Instr. 9th Cir. 3.20 (2010)[1]; *see also United States v. Loya*, 807 F.2d 1483, 1493–94 (9th Cir. 1987).

3.     The district court did not plainly err by failing to give a venue instruction *sua sponte*. Jackson never contested venue before the district court, nor did he request a specific venue instruction. Venue was proper in Arizona because all the "essential conduct element[s]" occurred there. *United States v. Sullivan*, 797 F.3d 623, 631 (9th Cir. 2015) (internal quotation marks and citation omitted);

---

[1] At the time of the trial, the Ninth Circuit "on or about" instruction was numbered as 3.20, but since then, the committee renumbered this instruction to 3.18. *See* Manual of Model Criminal Jury Instructions, http://www3.ce9.uscourts.gov/jury-instructions/model-criminal (stating that 3.20 was renumbered in June 2018 to 3.18).

*see also* 18 U.S.C. § 3237(a).

4.    Finally, the district court did not err in its jury instructions on the interstate transportation for prostitution count, 18 U.S.C. § 2421. Jackson argues the jury instruction should have required that the jury find that Jackson's dominant purpose of the transportation was for prostitution. The given jury instruction was consistent with the statute of the offense and this court's model instruction, *id.*; Model Crim. Jury Instr. 9th Cir. 8.191 (2010), and therefore was an accurate description of the elements of the statute and was sufficient to guide the jury's deliberation, *see United States v. Cherer*, 513 F.3d 1150, 1154 (9th Cir. 2008).

**AFFIRMED.**