NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50126 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-04472-BAS-1 |
| v. | |
| RUBEN PALACIOS-HERRERA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted May 8, 2020**
Pasadena, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and STEIN,*** District Judge.

Ruben Palacios-Herrera appeals his jury conviction for illegal entry into the United States in violation of 8 U.S.C. § 1325. Palacios-Herrera makes two

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

arguments on appeal. First, he argues that during jury selection, the district court mishandled his challenge pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986). Second, Palacios-Herrera maintains that the district court erred in admitting, over his objection, his 2015 misdemeanor judgment for illegal entry into the United States, which the government used to prove felony illegal entry at his trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      We review a district court's application of the three-part *Batson* framework *de novo*. *United States v. Alvarez-Ulloa*, 784 F.3d 558, 565 (9th Cir. 2015). "First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race. Second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question. Third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination." *Id.* (quoting *Miller–El v. Cockrell*, 537 U.S. 322, 328–29 (2003)). The district court's findings are reviewed "deferentially, for clear error." *United States v. Hernandez-Herrera*, 273 F.3d 1213, 1218 (9th Cir. 2001).

Here, the district court decided that Palacios-Herrera made a prima facie showing of purposeful discrimination at step one of the *Batson* analysis. In response to the prosecutor's articulated reasons for striking the prospective juror at step two, the district court did not make an express finding concerning purposeful

2                                                                                 19-50126

discrimination. However, "[f]aced with an improper application of the *Batson* framework, we may decide *de novo* whether the government's strikes were motivated by purposeful discrimination." *Alvarez-Ulloa*, 784 F.3d at 565. Here, *de novo* review of the record does not support a finding of purposeful discrimination. Given that there was only one peremptory strike of an Hispanic juror out of a venire that included at least six Hispanic people; that two Hispanic members of the venire were actually impaneled; and that a juror's demeanor can be a permissible, race-neutral reason for a peremptory challenge, *see Snyder v. Louisiana*, 552 U.S. 472, 477 (2008), no purposeful discrimination was shown.

2. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Haines*, 918 F.3d 694, 697 (9th Cir. 2019). Here, however, we need not determine whether the district court erred in admitting into evidence a certified copy of the judgment of Palacios-Herrera's 2015 misdemeanor illegal entry, since any error was harmless. The parties entered a stipulation into the record that Palacios-Herrera had previously committed the crime of entering the United States illegally. Furthermore, we have "refuse[d] to hold that a certified copy of a prior conviction is the *only* evidence sufficient to prove a prior conviction." *United States v. Arriaga-Segura*, 743 F.2d 1434, 1436 (9th Cir. 1984) (emphasis added). Here, the jury heard testimony from a border patrol officer regarding Palacios-Herrera's prior conviction and the parties' stipulation *before* the

court admitted the certified judgment of his conviction into evidence. Thus, the jury had enough evidence to conclude beyond a reasonable doubt that Palacios-Herrera had committed the prior offense, even without the admitted judgment.

**AFFIRMED.**