**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4922**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

RYAN RUSSELL PARKS, a/k/a Dinero,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Thomas E. Johnston, Chief District Judge. (1:18-cr-00317-TEJ-1)

Submitted: February 26, 2021      Decided: March 10, 2021

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marc G. Hall, LAW OFFICES OF MARC G. HALL, P.C., Greenbelt, Maryland, for Appellant. Robert K. Hur, United States Attorney, Christine Duey, Matthew J. Maddox, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Russell Parks appeals his conviction for sex trafficking minors in violation of 18 U.S.C. §§ 2, 1591(a), (b)(2), (c), and using interstate facilities to promote an enterprise involving a prostitution offense in violation of 18 U.S.C. §§ 2, 1952(a)(3). On appeal, he contends that the district court erred in not suppressing a statement he made to law enforcement; admitting evidence that he had sex with minors in his sex trafficking enterprise; admitting expert testimony; denying his motion to suppress a photo identification; and excluding evidence under Federal Rule of Evidence 412. We affirm.

Parks first contends the district court erred in denying his motion to suppress a statement he gave to police officers while in their custody. "The Fifth Amendment provides that 'No person . . . shall be compelled in any criminal case to be a witness against himself.'" *United States v. Azua-Rinconada*, 914 F.3d 319, 325 (4th Cir. 2019) (quoting U.S. Const. amend. V). "And the Supreme Court has mandated the use of procedural measures to ensure that defendants, when subjected to custodial interrogations, are advised of their Fifth Amendment rights." *Id*. (citing *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966)). "Thus, unless a defendant is advised of his Fifth Amendment rights pursuant to *Miranda* and voluntarily waives those rights, statements he makes during a custodial interrogation must be suppressed." (*Id*.) (citation omitted).

"Coercive police activity is a necessary finding for a confession or a *Miranda* waiver to be considered involuntary." *United States v. Giddins*, 858 F.3d 870, 881 (4th Cir. 2017). "'The mere existence of threats, violence, implied promises, improper influence, or other coercive police activity, however, does not automatically render a confession involuntary.

2

The proper inquiry is whether the defendant's will has been overborne or his capacity for self-determination is critically impaired.'" *Id*. (citation omitted). To conduct this review, courts consider "'the totality of the circumstances, including the characteristics of the defendant, the setting of the interview, and the details of the interrogation.'" *United States v. Holmes*, 670 F.3d 586, 592 (4th Cir. 2012) (citation omitted).

"'The Government bears the burden of proving by a preponderance of the evidence that the statement was voluntary.'" *Giddins*, 858 F.3d at 881 (citations omitted). "'When reviewing the district court's denial of a motion to suppress, we review factual findings for clear error and the legal determination that the statement was voluntary de novo.'" *Id*. at 878-79 (citations omitted). "When a suppression motion has been denied, this Court reviews the evidence in the light most favorable to the government." *United States v. Abdallah*, 911 F.3d 201, 209 (4th Cir. 2018) (citation omitted).

Having reviewed the record, we conclude the district court did not err in finding that Parks's waiver and statement were voluntarily made, and in denying his motion to suppress the statement on this basis. There is no indication in the record that any law enforcement officer coerced him into making the statement or engaged in any conduct that caused his will to be overborne. And the Government proved by a preponderance of the evidence that he waived his *Miranda* rights and made his statement voluntarily.

Parks next contends that the district court erred in admitting evidence that he had sex with minors involved in his sex trafficking enterprise. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Webb*, 965 F.3d 262, 266 (4th Cir. 2020). "'Federal Rule of Evidence 404(b)(1) prohibits evidence of a crime, wrong, or

3

other act from being used to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.'" *Id*. (citation omitted).

"But Rule 404(b) 'does not affect the admission of evidence that is intrinsic to the alleged crime.'" *Id*. (citation omitted). "Instead, the rule is 'only applicable when the challenged evidence is extrinsic, that is, separate from or unrelated to the charged offense.'" *United States v. Brizuela*, 962 F.3d 784, 793 (4th Cir. 2020) (citation omitted). "In contrast, acts that are a part of, or 'intrinsic to, the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence.'" *Id*. (citation omitted).

"Rule 403 states that a district 'court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . or needlessly presenting cumulative evidence.'" *United States v. Tillmon*, 954 F.3d 628, 643 (4th Cir. 2019) (quoting Fed. R. Evid. 403). "[W]hen considering whether evidence is unfairly prejudicial, 'damage to a defendant's case is not a basis for excluding probative evidence because evidence that is highly probative invariably will be prejudicial to the defense.'" *Id*. (citation omitted). "Instead, '[u]nfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground *different from proof specific to the offense charged*.'" *Id*. (citation omitted).

We have reviewed the record and conclude that the district court did not abuse its discretion by admitting the challenged evidence, because it was intrinsic to the crimes charged. Parks was charged with sex trafficking minors in violation of 18 U.S.C. §§ 2, 1591(a), (b)(2), (c). Under 18 U.S.C. § 1591(a)(1), "the government must prove a defendant's *mens rea* as to the victim's age by presenting evidence either that 'the

4

defendant knew the child victim was a minor, *or* . . . the defendant recklessly disregarded the fact that the child victim was a minor.'" *United States v. Whyte*, 928 F.3d 1317, 1328 (11th Cir. 2019) (citation omitted), *cert. denied,* 140 S. Ct. 874-75 (2020). "But subsection (c) provides an exception: 'In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the [victim], the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years.'" *Id*. (quoting 18 U.S.C. § 1591(c)).  When Congress amended Section 1591 in 2015, it "made clear that, when the government proves that the defendant had a reasonable opportunity to observe the victim, it need not prove either actual knowledge *or* reckless disregard."  *Id*. at 1329-30.  Thus, "section 1591(c) unambiguously creates an independent basis of liability when the government proves a defendant had a 'reasonable opportunity to observe' the victim" and "relieves the government of its burden of proving that the defendant either knew or recklessly disregarded the victim's age."  *Id*. at 1330 (citations omitted).

As the district court held, the disputed evidence was necessary and relevant to an element of the offense, because it was highly probative of whether Parks "had a reasonable opportunity to observe" the victim under 18 U.S.C. § 1591(c).  Thus, it was intrinsic to the charge and not affected by Rule 404(b).  Moreover, to the extent Parks contends the court should have excluded the evidence under Rule 403, we conclude the court did not abuse its discretion in ruling it was not unfairly prejudicial, since it was highly probative and not unduly shocking or sensational, i.e., no worse than his crimes of sex trafficking minors. *See United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011) ("Generally speaking, 'bad

acts' evidence, admissible under Rule 404, is not barred by Rule 403 where such evidence 'did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged.'" (quoting *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995))).

Parks next contends the district court erred in admitting expert testimony by Special Agent Carrie Landau based on her specialized knowledge of child sex trafficking. We review a district court's decision to admit expert testimony for abuse of discretion. *United States v. Campbell*, 963 F.3d 309, 313 (4th Cir. 2020). "Under Rule 702, a district court must ensure that the expert is qualified and that the expert's testimony is both relevant and reliable." *United States v. Smith*, 919 F.3d 825, 835 (4th Cir. 2019) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993)). "In performing this gatekeeping role, a district court 'is not intended to serve as a replacement for the adversary system, and consequently, the rejection of expert testimony is the exception rather than the rule.'" *Id*. (citation omitted). "[O]ur Court has explained that whether testimony 'assist[s] the trier of fact' is the 'touchstone' of Rule 702." *Campbell*, 963 F.3d at 314 (citation omitted). "[E]ven if an expert witness's opinion is admissible under Rule 702, Rule 403 permits the district court to exclude relevant opinion testimony 'if its probative value is substantially outweighed by a danger of . . . unfair prejudice.'" *Id*. at 314 n.1.

"The district court must exclude 'expert testimony related to matters which are obviously . . . within the common knowledge of jurors.'" *United States v. Fuertes*, 805 F.3d 485, 495 (4th Cir. 2015). While a district court "must exclude expert testimony on issues of witness credibility," "the mere fact that expert testimony tends to corroborate the

6

testimony of another witness is not grounds for exclusion; indeed it is surely the case that most expert opinion evidence proffered by litigants is paired with lay evidence that is in some fashion supported by the expert opinion." *Id*. at 495-96 (citations omitted).

We have reviewed the record and conclude that the district court did not abuse its discretion, under either Rule 702 or Rule 403, in admitting Landau's expert testimony, because it was relevant, reliable, and helpful for the jury. *See United States v. Young*, 955 F.3d 608, 615 (7th Cir. 2020) (in prosecution for sex trafficking minors under 18 U.S.C. § 1591, court "did not abuse its discretion by concluding that Landau's expert testimony, which defined key terms and explained common sex-trafficking dynamics, was reliable and helpful for the jury") (citations omitted); *United States v. Brinson,* 772 F.3d 1314, 1318-20 (10th Cir. 2014) (in prosecution for sex trafficking children under 18 U.S.C. § 1591, court did not abuse discretion in concluding detective's expert testimony on prostitution trade helped jury and was reliable as it did not require a review of defendant's case). Moreover, Parks invited the expert's testimony about the truthfulness of statements by sex trafficking victims to law enforcement; and the mere fact that her testimony corroborated testimony of other witnesses did not constitute improper bolstering.

Parks next contends that the district court erred by denying his motion to suppress evidence that a witness identified him based on a single photograph that was not part of an array. "Due process principles prohibit the admission at trial of an out-of-court identification obtained through procedures so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification." *United States v. Saint Louis*, 889 F.3d 145, 152 (4th Cir. 2018) (citations omitted). "Yet even where unnecessarily suggestive

7

procedures are used, due process does not require exclusion of the evidence if the 'identification was sufficiently reliable to preclude the substantial likelihood of misidentification.'" *Id*. (citation omitted). This Court reviews de novo the district court's legal conclusion as to whether the identification violated the Due Process Clause. *Id*.

"The Supreme Court has established a two-step process to determine whether identification testimony is admissible." *United States v. Greene*, 704 F.3d 298, 305 (4th Cir. 2013) (citations omitted). "'First, the court must consider whether the identification procedure is unnecessarily suggestive.'" *Id*. (citation omitted). "'A procedure is unnecessarily suggestive if a positive identification is likely to result from factors other than the witness's own recollection of the crime.'" *Id*. at 306 (citation omitted). "'Second, if the procedure was unnecessarily suggestive, a court must look at several factors to determine if the identification testimony is nevertheless reliable under the totality of the circumstances.'" *Id*. at 305 (citation omitted).

The Court "evaluate[s] reliability considering the totality of the circumstances, including factors such as: (1) 'the opportunity of the witness to view the criminal at the time of the crime'; (2) 'the witness' degree of attention'; (3) 'the accuracy of the witness' prior description of the criminal'; (4) 'the level of certainty demonstrated by the witness at the confrontation'; and (5) 'the length of time between the crime and the confrontation.'" *Saint Louis*, 889 F.3d at 153 (citation omitted). The Court "weigh[s] these factors against 'the corrupting effect of the suggestive identification itself,' keeping in mind that 'the exclusion of such evidence is the exception to the rule that favors the admissibility of eyewitness identification for the jury's consideration.'" *Id*. (citations omitted).

8

We have reviewed the record and conclude the district court did not err in denying Parks's motion to suppress the single-photo identification. Even assuming the procedure was unnecessarily suggestive, the court did not err in ruling the evidence was nevertheless reliable under the totality of the circumstances based on consideration of required factors.

Finally, Parks contends that the district court erred in excluding evidence of the victims' alleged involvement in commercial sex acts pursuant to Federal Rule of Evidence 412, because it violated his constitutional right to present a defense. The court admitted evidence of sex acts occurring within the time period that Parks was alleged to have trafficked the victims, concluding that such evidence was relevant to whether he was the one who recruited or enticed them to engage in commercial sex work. But the court found that evidence about sex work that occurred before or after Parks's alleged trafficking was irrelevant and excluded it.

Federal Rule of Evidence 412 bars evidence of a victim's other sexual behavior, which includes a sex trafficking victim's other prostitution activities, unless the exclusion of the evidence would violate a defendant's constitutional rights. Fed. R. Evid. 412(a), (b)(1)(C); *United States v. Haines*, 918 F.3d 694, 697-98 (9th Cir. 2019) (citations omitted). Courts have also held that a district court does not infringe on a defendant's constitutional rights by excluding evidence of a victim's sexual history under Rule 412. *See, e.g., Young*, 955 F.3d at 615; *Haines*, 918 F.3d at 698; *United States v. Elbert*, 561 F.3d 771, 776-78 (8th Cir. 2009); *cf. United States v. Maynes*, 880 F.3d 110, 114-16 (4th Cir. 2018).

"District courts are given significant discretion in making evidentiary rulings, and we will reverse such decisions only upon finding an abuse of that discretion." *Maynes*,

880 F.3d at 115. "In considering Sixth Amendment challenges, specifically, 'the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Id.* (citations omitted). District courts retain wide latitude to impose reasonable limits on the admission of evidence, and "[t]here is no reason that this wide latitude should be removed in the context of questions regarding witnesses' sexual histories." *Id.* "The district court remains in the best position to strike a balance between the relevance of the information to the defense and . . . a mini-trial into the victims' character." *Id.* Moreover, a district court does not violate a defendant's Fifth Amendment right to present a defense by excluding evidence of minor sex trafficking victims engaging in acts of prostitution before or after a defendant's encounter with them, because the evidence is irrelevant and "would only prove other people may be guilty of similar offenses of recruiting, enticing, or causing these victims to engage in a commercial sex act." *Elbert*, 561 F.3d at 777.

We have reviewed the record and conclude that the district court did not err or abuse its discretion by excluding evidence of Parks's victims' commercial sex acts that occurred outside of the time that he trafficked them. And he fails to show that the court's carefully balanced ruling was an abuse of discretion or violated his constitutional rights.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

10