NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANDREW RAY YOUNG,

Defendant-Appellant.

No. 22-30163

D.C. No.
4:21-cr-00098-BLW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted February 6, 2024[*]
Portland, Oregon

Before: GOULD, BYBEE, and BRESS, Circuit Judges.

Andrew Young was convicted of one count of coercion and enticement of a

minor in violation of 18 U.S.C. § 2422(b), one count of sexual exploitation of a

minor child in violation of 18 U.S.C. § 2251(a), and one count of receipt of child

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

pornography in violation of 18 U.S.C. § 2252A(a)(2). He was sentenced to 360 months' imprisonment and now appeals based on five alleged errors. We affirm.

1. Young first argues that the government violated his due process rights by losing potentially exculpatory evidence when extracting information from the victim's cell phone. The local contents of the victim's phone, as well as the raw extraction data, were deleted during this process. However, the government produced and provided to Young a Universal Forensic Device Report (UFDR), which is a "readable report of the phone's contents."

To establish a due process violation, Young must show that "the unavailable evidence possessed exculpatory value" and "that the government acted in bad faith in failing to preserve the potentially useful evidence." *United States v. Zaragoza-Moreira*, 780 F.3d 971, 977 (9th Cir. 2015) (cleaned up). We review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013) (citation omitted).

Young argues that the lost data contained potentially exculpatory evidence based on his expert's opinion that the UFDR did not contain all the information the expert expected to find there. Young's argument is speculative. His expert points to the lack of Whisper application data in the UFDR to demonstrate missing evidence. Yet the record contains no evidence that Young and the victim communicated via

2

Whisper.  Rather, the record indicates that they communicated almost exclusively via Snapchat.  Indeed, Young fails to show that the data he sought would have produced anything other than information in the UFDR file he received.  Young has not established that the lost evidence was potentially exculpatory; therefore, the government also did not act in bad faith in failing to preserve it.  *See United States v. Robertson*, 895 F.3d 1206, 1211–13 (9th Cir. 2018); *Sivilla*, 714 F.3d at 1172.  Nor has Young demonstrated any other indicia of bad faith.

2.  Young next contends the district court misapplied Federal Rule of Evidence (FRE) 412(a) in excluding certain text messages related to the victim's sexual behavior or predisposition.  FRE 412(a) renders inadmissible evidence of a victim's other sexual behavior or sexual predisposition in any proceeding involving alleged sexual misconduct.  Fed. R. Evid. 412(a).  FRE 412(b)(1)(C) provides an exception to 412(a), allowing such evidence to be admitted if its exclusion would violate the defendant's constitutional rights.  *See United States v. Haines*, 918 F.3d 694, 697 (9th Cir. 2019).  "We review a district court's evidentiary rulings for abuse of discretion."  *Id.*  We review de novo the district court's interpretation of the Federal Rules of Evidence and whether evidentiary rulings violated a defendant's constitutional rights.  *Id.*

3

Young contends that the exclusion of the texts undermined his defense theory at trial, which was that the victim misrepresented her age as part of a game to "catch pedos." However, the district court admitted the portion of those text messages that specifically referred to the victim's "game," and explicitly instructed defense counsel that he could cross-examine the victim "as to any reference to catching a pedo." Counsel was simply prohibited from questioning the victim about her sexual behavior with others. The exclusion of the text messages therefore did not undermine Young's defense, when evidence showing that the victim misrepresented her age simply did not exist. Thus, the district court did not abuse its discretion in excluding the text messages.

3. Young also argues that the district court erred in excluding five of his expert's thirty-one opinions. We review this decision for abuse of discretion. *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997) (en banc).

FRE 704(b) prohibits expert witnesses in criminal cases from providing an opinion "about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). Young argues that none of the excluded opinions would have necessarily compelled a conclusion regarding his mens rea. Yet, four of the five opinions explicitly state in some form that Young did not intend or desire to engage in sexual

4

behavior with minors.  A key element in three of the four charged crimes was whether the defendant knew or believed the victim was a minor, so the district court did not err in excluding these opinions.

Although one excluded opinion may not reference Young's mental state, we reverse only where the error "more likely than not affected the verdict."  *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000) (citation omitted).  The government presented overwhelming evidence of Young's guilt, including the discovery of 78 explicit images of the victim on Young's phone.  The government also established that Young had delivered a dog collar and anal plug to the victim and encouraged her to send him photos of her using those items.  In light of the extensive evidence against Young, the exclusion of a single expert opinion, even if improper, cannot be said to have "more likely than not affected the verdict."  *Id.* (citation omitted).  Thus, the district court did not abuse its discretion in excluding four of Young's expert's opinions, and any error in excluding the fifth opinion was harmless.

4. Young argues that the verdict form submitted to the jury improperly shifted the burden of proof by requiring the jury to find him either guilty or not guilty "beyond a reasonable doubt."  We agree.  The form was clearly erroneous under *United States v. Espino*, 892 F.3d 1048, 1052 (9th Cir. 2018).

5

However, an erroneous verdict form does not end our inquiry—we must consider whether the error was harmless. "An error . . . is harmless only if it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" *United States v. Munguia*, 704 F.3d 596, 603–04 (9th Cir. 2012) (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999)). "To determine whether the jury was misled, we must consider the instructions and the verdict form together." *Espino*, 892 F.3d at 1051 (citation omitted).

Here, the district court's numerous jury instructions indicating the proper burden of proof overcome the erroneous verdict form. The district court repeatedly referred to the government's burden of proof in the instructions: "If . . . you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant not guilty;" "the government must prove each . . . element[] beyond a reasonable doubt;" "[i]f the Government has failed to prove each of these elements beyond a reasonable doubt, you must find the Defendant not guilty;" and "[y]ou may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt." The jury therefore received proper explanations of the burden of proof and the reasonable doubt standard, notwithstanding the verdict form.

6

Moreover, in addition to the evidence described above, the government presented testimony from both the victim and her mother indicating that Young was aware that the victim was a minor and that he proceeded to request sexually explicit images and videos from the victim despite this knowledge. Thus, it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Munguia*, 704 F.3d at 604 (citation omitted).

5. Finally, Young challenges his sentence as procedurally and substantively unreasonable. First, he contends the district court procedurally erred by failing to recognize its authority to vary from the Guidelines on policy grounds as set forth in *Kimbrough v. United States*, 552 U.S. 85 (2007). While it is true that "a district court commits procedural error when it fails to appreciate its *Kimbrough* discretion[,]" we have also acknowledged that "district courts are not obligated to vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them." *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011). Although the district court did not cite *Kimbrough* by name, the record indicates that it understood its discretion under the Guidelines. The court stated that "it must treat the guidelines as advisory. . . . They are not binding upon this Court." It also noted that it ultimately "must sentence individuals in accordance with and in

7

consideration, *independent of any guideline*, of the factors under 3553(a)." (emphasis added). Young's sentence is thus not procedurally erroneous.

Young also argues that his sentence is substantively unreasonable due to the district court's application of United States Sentencing Guideline § 2G2.1(b)(4)(A). Section 2G2.1(b)(4)(A) provides for a four-level sentence enhancement "[i]f the offense involved material that portrays . . . sadistic or masochistic conduct or other depictions of violence." Young argues that the images at issue were not sadistic or masochistic.

The district court did not abuse its discretion in applying this enhancement. The images at issue portray masochistic or sadistic content—nude images of the victim inserting an anal plug and wearing a dog collar. *See United States v. Shouse*, 755 F.3d 1104, 1107 (9th Cir. 2014); *see also United States v. Rearden*, 349 F.3d 608, 615–16 (9th Cir. 2003) (finding the anal penetration of children to be sadistic). Thus, Young's sentence was also substantively reasonable.

For these reasons, we **AFFIRM** the district court's judgment.