**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30007 |
| Plaintiff-Appellee, | D.C. Nos. 3:19-cr-00056-JMK-MMS-1 3:19-cr-00056-JMK-MMS |
| v. | |
| DAVON LYNN SMITH, AKA Drizzy, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Joshua M. Kindred, District Judge, Presiding

Argued and Submitted March 27, 2024
Seattle, Washington

Before:  WARDLAW, W. FLETCHER, and MILLER, Circuit Judges.

Following a jury trial, Davon Smith was convicted of (1) possession of

heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); (2) sex

trafficking a minor, in violation of 18 U.S.C. § 1591(a)(1); (3) participation in a

sex trafficking venture, in violation of 18 U.S.C. § 1591(a)(2); and (4) sex

trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1).

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Smith was sentenced to concurrent terms of 264 months of imprisonment on each count. He appeals his convictions on Counts 2, 3, and 4, and his sentence on Count 1. We have jurisdiction under 28 U.S.C. § 1291. We affirm Smith's convictions, and we vacate and remand for resentencing as to Count 1.

We "review de novo whether a district court's evidentiary rulings violated a defendant's constitutional rights." *United States v. Haines*, 918 F.3d 694, 697 (9th Cir. 2019). We review the admission of expert testimony and the exclusion of evidence under a hearsay exception for abuse of discretion. *United States v. Johnson*, 875 F.3d 1265, 1280 (9th Cir. 2017) (expert testimony); *United States v. Stinson*, 647 F.3d 1196, 1210 (9th Cir. 2011) (hearsay exception). When a defendant challenges a district court's "limitation on the scope of questioning within a given area" during cross-examination, we review that limitation for abuse of discretion. *United States v. Larson*, 495 F.3d 1094, 1101 (9th Cir. 2007). Unpreserved sentencing challenges are reviewed for plain error. *United States v. Grimaldo*, 993 F.3d 1077, 1081 (9th Cir. 2021).

1.  Because "evidence of a trafficking victim's pre- or post-indictment involvement in prostitution implicates her 'other sexual behavior' or 'sexual predisposition,'" the district court did not err when it excluded evidence of P.C.'s prior commercial sex work under Federal Rule of Evidence 412. *Haines*, 918 F.3d at 697 (quoting Fed. R. Evid. 412). Smith asserts that P.C.'s earlier commercial sex

work without a trafficker was relevant because it suggested that she was continuing in a pattern of engaging in such work without being trafficked. But "evidence of other prostitution activity has little or no relevance." *Id*. "[J]ust because a victim agreed to engage in sex for money on other occasions does not mean she consented" to a defendant's coercive acts, which here included Smith striking P.C., setting daily earnings requirements, and confiscating those earnings. *Id*. at 697–98. Therefore, the district court's exclusion of evidence of P.C.'s prior commercial sex work did not violate Smith's constitutional rights. *Id*. at 697–99.

2. Smith's opening brief contains no record citations substantiating his claim that the district court excluded evidence about P.C.'s relationship with her ex-boyfriend Miles. *See* Fed. R. App. P. 28(a)(8)(A) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (per curiam). Therefore, we decline to address that claim. *See United States v. Williamson*, 439 F.3d 1125, 1137–38 (9th Cir. 2006).

3. Contrary to Smith's assertions, the district court did not prevent Smith's counsel from cross-examining P.C. about a potential mandatory minimum sentence. Although the court did prohibit Smith's counsel from "simply press[ing] 'play'" and "play[ing] the entirety of [P.C.'s] interview" with FBI agents, the court

3

stated that the "subject matter itself" of the interview was fair game on cross-examination. This included agents' discussion with P.C. about mandatory minimum sentences. Smith is therefore wrong to say that the district court "kept the jury from knowing" about the discussion of mandatory minimums.

4. Because FBI Agent Hardie's expert testimony was neither unduly prejudicial nor unreliable, the district court did not abuse its discretion by admitting it. Smith argues that Agent Hardie's testimony was "overly prejudicial" and "glaringly incomplete" because it (1) omitted discussion of P.C.'s immunity agreement, (2) did not "fit" the facts of the case, and (3) preceded P.C.'s and M.R.'s testimony. But Smith concedes that Agent Hardie did not testify about P.C.'s immunity agreement because Smith's counsel never cross-examined him about it. Agent Hardie's testimony was both relevant to and closely aligned with evidence presented in the case, particularly evidence of sex trafficking's psychological effects, dynamics, and terminology. *See United States v. Taylor*, 239 F.3d 994, 998 (9th Cir. 2001); *United States v. Brooks*, 610 F.3d 1186, 1196 (9th Cir. 2010). And although it was presented prior to P.C.'s and M.R.'s testimony, we have never held that an expert witness and victims must testify in a particular order.

5. Despite Smith's assertions, the district court never excluded select text messages that Smith sent to P.C. as hearsay because Smith's counsel did not seek

4

to introduce these messages for the truth of the matter asserted. We therefore decline to address Smith's argument about the district court's supposed application of the hearsay rule.

6. The district court did not abuse its direction when it applied *United States v. Castillo* to bar Smith from cross-examining M.R. about an unrelated incident in which M.R. misrepresented her age. 181 F.3d 1129 (9th Cir. 1999). Although M.R.'s age was relevant to Count 3, multiple witnesses had already testified that M.R. misrepresented her age. Thus, M.R.'s testimony about this incident would not have been "central to the core issues of the trial," *United States v. Kincaid-Chauncey*, 556 F.3d 923, 932–33 (9th Cir. 2009), *abrogated on other grounds by Skilling v. United States*, 561 U.S. 358 (2010), such that it could have overcome the general rule against "extrinsic evidence . . . admitted to impeach testimony invited by questions posed during cross-examination," *Castillo*, 181 F.3d at 1133.

7. The statutory maximum sentence for Count 1 is 20 years of imprisonment. 21 U.S.C. § 841(b)(1)(C). Although Smith did not object to his 22-year sentence on that count, we have held that a sentence that exceeds the statutory maximum constitutes plain error and "violates a defendant's substantial rights even if it runs concurrent with an equal or longer, valid sentence." *United States v. Lillard*, 57 F.4th 729, 736–37 (9th Cir. 2023). We therefore vacate the sentence on Count 1 and remand for resentencing on that count.

**AFFIRMED, VACATED in part, and REMANDED in part.**