**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

WALTER RICHARD
HARRINGTON,
*Defendant-Appellant.*

No. 18-30141

D.C. No.
1:17-cr-02030-SAB-1

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted April 12, 2019
Seattle, Washington

Filed December 24, 2019

Before: William A. Fletcher, Consuelo M. Callahan,
and Morgan Christen, Circuit Judges.

Opinion by Judge W. Fletcher

## SUMMARY*

### Criminal Law

Affirming a sentence for assault by strangling a spouse in Indian country, the panel held that the district court's application of a three-level enhancement set forth in U.S.S.G. § 2A2.2(b)(4) – for the specific offense characteristic of strangling a spouse – does not constitute impermissible double counting, because it is possible to be sentenced under U.S.S.G. § 2A2.2(a), which sets the base offense level for a broad range of conduct, without having strangled one's spouse.

### COUNSEL

Jeremy B. Sporn (argued), Federal Defenders of Washington, Yakima, Washington, for Defendant-Appellant.

Thomas J. Hanlon (argued), Assistant United States Attorney; Joseph H. Harrington, United States Attorney; United States Attorney's Office, Yakima, Washington; for Plaintiff-Appellee.

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

W. FLETCHER, Circuit Judge:

Walter Harrington appeals the sentence imposed following his guilty plea to assault by strangling a spouse in Indian country in violation of 18 U.S.C. § 113(a)(8). Harrington contends that the district court impermissibly double counted when it applied a three-level enhancement for strangling a spouse under § 2A2.2(b)(4) of the U.S. Sentencing Guidelines ("Guidelines"). He contends that because his conviction was for strangling a spouse, that conduct was already accounted for in the base offense level of § 2A2.2(a). We affirm the district court.

I. Factual and Procedural Background

On March 25, 2017, Walter Harrington, a member of the Round Valley Indian Tribes, assaulted his wife within the Yakama Indian Reservation. He beat and strangled her, resulting in extensive bruising, neck pain, hemorrhaging, and two fractured ribs.

Harrington pleaded guilty to domestic assault and battery and to malicious mischief in Yakama Nation Tribal Court. The federal government charged Harrington in federal district court with one count of assault of a spouse by strangulation under 18 U.S.C. § 113(a)(8) and one count of assault with intent to commit murder under 18 U.S.C. § 113(a)(1).

Harrington pleaded guilty to the assault by strangulation count in exchange for the government's dismissal of the assault with intent to commit murder count. The parties agreed to a base offense level of 14 under U.S.S.G.

§ 2A2.2(a) and a seven-level enhancement under § 2A2.2(b)(3)(C) because the victim suffered permanent or life-threatening bodily injury. Harrington and the federal government disagreed over whether the base offense level should be increased by three levels under § 2A2.2(b)(4) because the offense involved strangling a spouse. The federal government agreed to recommend a sentence of no more than a 78-month term of imprisonment, and Harrington agreed to recommend a sentence of no less than a 41-month term of imprisonment.

The Presentence Investigation Report ("PSR") recommended a total adjusted offense level of 21 and a criminal history category of V, resulting in an advisory guideline range of 70 to 87 months. The offense level included a base offense level of 14 under U.S.S.G. § 2A2.2(a), a seven-level increase under § 2A2.2(b)(3)(C), and another three-level enhancement under § 2A2.2(b)(4). The PSR also recommended a three-level reduction for acceptance of responsibility and cooperation.

Harrington objected to the three-level enhancement under § 2A2.2(b)(4) for strangling a spouse, arguing it constituted impermissible double counting. Harrington argued the enhancement targets conduct that is already an element of the offense of conviction, and, therefore, the conduct is already accounted for in the base offense level.

The government disagreed. In support of its argument, the government cited an unpublished Eleventh Circuit decision, *see United States v. Brigman*, 711 Fed. App'x 971 (11th Cir. 2017), which held that the increases under § 2A2.2(b)(3)(A) for bodily injury and (b)(4) for

strangulation do not constitute impermissible double counting with the base offense level under § 2A.2.2(a).

The district court agreed with the government and held the three-level enhancement does not constitute impermissible double counting. The district court sentenced Harrington to an 87-month term of imprisonment, the high end of the Guidelines range.

Harrington's plea agreement provided for a limited right to appeal a sentence in excess of 78 months. This appeal followed.

## II.  Standard of Review

"[W]e review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error." *United States v. Smith*, 719 F.3d 1120, 1123 (9th Cir. 2013).

## III.  Discussion

Impermissible double counting occurs when a court applies a provision of the Guidelines that takes into account conduct or harm that has already been fully taken into account by application of another provision of the Guidelines. *See, e.g.*, *United States v. Joey*, 845 F.3d 1291, 1296–97 (9th Cir. 2017). Impermissible double counting can also occur when a court applies a provision of the Guidelines that takes into account conduct or harm that has already been accounted for as an element of the crime of conviction and the Guideline identifies a specific offense level for that crime, rather than specific offense levels based on a range of conduct. *See, e.g.*, *United States v. Hornbuckle*, 784 F.3d 549, 553–54 (9th Cir.

2015) (comparing U.S.S.G. § 2G1.3(b)(4)(A) to 18 U.S.C. § 1591(a), which has been incorporated into U.S.S.G. § 2G1.3(a)).

Harrington was convicted of violating 18 U.S.C. § 113(a)(8), which provides that someone who assaults "a spouse, intimate partner, or dating partner by strangling, suffocating, or attempting to strangle or suffocate, [shall be punished] by a fine under this title, imprisonment for not more than 10 years, or both." 18 U.S.C. § 113(a)(8). The applicable Guidelines provision for violations of 18 U.S.C. § 113(a)(8) is § 2A2.2, which covers "aggravated assault." *See* U.S.S.G. Appendix A. Section 2A2.2 applies to any "felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; (C) strangling, suffocating, or attempting to strangle or suffocate; or (D) an intent to commit another felony." U.S.S.G. § 2A2.2 cmt. n.1. Section 2A2.2 is the relevant provision for numerous convictions under 18 U.S.C. § 113, including convictions under § 113(a)(2), (a)(3), and (a)(6), in addition to (a)(8) under which Harrington was convicted. As a result, the sentencing provisions of § 2A2.2 cover a range of conduct, including assault with intent to commit any felony, assault with a dangerous weapon, and assault resulting in serious bodily injury, in addition to assault of a spouse by strangling. *See* 18 U.S.C. § 113.

Section 2A2.2 accounts for this range of conduct by setting a base offense level of 14 in subsection (a), and then detailing various "Specific Offense Characteristics" in subsection (b). The specific offense characteristics result in various upward sentencing adjustments, such as a three- to five-level increase if a firearm was used, a three- to seven-

level increase based on the degree of bodily injury, and a three-level increase if the offense involved strangling a spouse, among others.  U.S.S.G. § 2A2.2(b).

Harrington contends that the district court erred in applying the three-level adjustment for strangling a spouse in subsection (b)(4), on the ground that the base offense level in subsection (a) has already taken that conduct into account. We disagree.  A plain-text reading of the Guideline indicates that the base offense level contemplated by § 2A2.2(a) does not necessarily capture the conduct detailed in the "specific offense characteristics."    First, the specific offense characteristics address different behavior, some of which relate to the four different forms of aggravated assault encompassed within the section, and some of which do not. Second, subsection (b) provides limits on the cumulative adjustments provided under that subsection—for example, providing that the cumulative adjustments for a firearms adjustment,  bodily-injury  adjustment,  and  strangling adjustment cannot exceed twelve levels—suggesting that the Sentencing Commission intended these adjustments to apply cumulatively on top of the base offense level.  Third, the Commentary does not forbid application of the specific offense characteristics on top of the base offense level; indeed, it indicates the opposite.  For example, Application Note 3 states that "[i]n a case involving a dangerous weapon with intent to cause bodily injury, the court shall apply both the base offense level" and the adjustments for "specific offense characteristics."  U.S.S.G. § 2A2.2 cmt. n.3.

Our decision in *United States v. Reese*, 2 F.3d 870 (9th Cir. 1993), supports our conclusion.  In *Reese*, we examined a prior version of § 2A2.2.  We stated that "the use of a single aspect of conduct both to determine the applicable offense

guideline and to increase the base offense level mandated thereby will constitute impermissible double counting only where, absent such conduct, it is impossible to come within that guideline." *Id.* at 895. "If, on the other hand, it is possible to be sentenced under a particular offense guideline without having engaged in a certain sort of behavior, such behavior may be used to enhance the offense level, for in this situation, the guideline's base offense level will not necessarily have been set to capture the full extent of the wrongfulness of such behavior." *Id.* We went on to hold that "no impermissible double counting occurs" when a court applies the use of a dangerous weapon adjustment or the serious bodily injury adjustment in § 2A2.2 "to increase the base offense level" in § 2A2.2. *Id.* at 896.

The same reasoning applies here. The base offense level specified in § 2A2.2(a) applies to a broad range of behavior. It is possible to be sentenced under § 2A2.2(a) without having strangled one's spouse. Therefore, the base offense level does not necessarily "capture the full extent of the wrongfulness" of Harrington's behavior, and the three-level enhancement under § 2A2.2(b)(4) does not constitute impermissible double counting. *Id.* at 895.

Harrington relies on *Hornbuckle*, 784 F.3d at 553, for the proposition that there is double counting "when a court applies an enhancement for a necessary element of the underlying conviction." In *Hornbuckle*, we compared U.S.S.G § 2G1.3(b)(4)(A), an enhancement, to the elements of the crime of conviction, 18 U.S.C. § 1591(a). We did so because the Guideline provided a specific base offense level for the crime of conviction, rather than base offense levels that applied to a range of conduct, and the circumstance warranting the enhancement was neither an element of the

crime of conviction nor accounted for by the offense level specified for that crime.[1]   Here, by contrast, though strangulation is an element of Harrington's crime, the base offense level applies to a range of conduct and the aggravating circumstance, strangulation, is only accounted for by the enhancement.

Harrington's case is readily distinguishable from *Hornbuckle*.  Put simply, the Guideline base offense level in Harrington's case was not specific to his crime of conviction—assault of a spouse by strangulation.

## Conclusion

We hold that application of the three-level adjustment for strangulation to Harrington's sentence does not constitute impermissible double counting.

**AFFIRMED.**

---

[1] A person convicted of 18 U.S.C. § 1591(a) is sentenced pursuant to either § 1591(b)(1) or § 1591(b)(2) depending on the victim's age and whether coercion was used.  Each sentencing provision corresponds to a unique base offense level under U.S.S.G. § 2G1.3(a).