**NOT FOR PUBLICATION**

FILED

**UNITED STATES COURT OF APPEALS**

MAR 14 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-50028 |
| Plaintiff-Appellee, | D.C. No. 5:20-cr-00191-JGB-1 |
| v. | |
| JASON DEE TAYLOR, AKA capthaze69, AKA Sugar Daddy, AKA RumbleFingers, AKA Seahorse869, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted January 9, 2024
Pasadena, California

Before:  CALLAHAN, CHRISTEN, and BENNETT, Circuit Judges.
Concurrence by Judge CALLAHAN.

Jason Taylor met 15-year-old E.B. on a website called Seeking

Arrangements (Seeking.com) and had sex with her twice in exchange for $700, a

cellphone, and clothes.  A jury convicted Taylor of sex trafficking a minor under

18 U.S.C. § 1591 and enticement of a minor to engage in criminal sexual activity

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

under 18 U.S.C. § 2422(b). Taylor now appeals his jury conviction and sentence. We assume the parties' familiarity with the facts and recite them only as necessary. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Taylor challenges the district court's denial of his motion to dismiss the indictment. This court reviews the denial of a motion to dismiss an indictment de novo. *United States v. Marguet-Pillado*, 560 F.3d 1078, 1081 (9th Cir. 2009).

Taylor argues that because his crime was "purely local," § 1591 does not reach his conduct and the Tenth Amendment required the district court to dismiss the § 1591 charge. This argument is foreclosed by *United States v. Walls*, 784 F.3d 543 (9th Cir. 2015), which held that § 1591 includes a clear statement from Congress demonstrating its intent to exercise its full powers under the Commerce Clause. *Id.* at 546-47. Under *Walls*, "any individual instance of conduct regulated by [§ 1591] need only have a *de minimis* effect on interstate commerce." *Id.* at 548.

Taylor's conduct had at least a *de minimis* effect on interstate commerce because he used the internet, a computer, and a cell phone to communicate with E.B., order items for her through Amazon and FedEx, and book hotel rooms for their meetings. *See, e.g.*, *United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007) ("[A]s both the means to engage in commerce and the method by which transactions occur, the Internet is an instrumentality and channel of interstate

commerce." (cleaned up)).

2.      Taylor argues that the district court erred by admitting his statement at his arraignment that "[t]his was an isolated incident," claiming *Miranda* barred admission of his statement. *Miranda*, however, applies only to custodial interrogations, and does not apply to volunteered statements. *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017) (per curiam) ("Pursuant to *Miranda v. Arizona*, a person has a right to the assistance of counsel during custodial interrogations." (citation omitted)); *Miranda v. Arizona*, 384 U.S. 436, 478 (1966) ("Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence."). Here, there was no interrogation by the magistrate judge, and Taylor's statement was volunteered. After the magistrate judge indicated he was going to detain Taylor, Taylor asked if he could speak, the magistrate judge said he could, and Taylor volunteered the above statement.[1] *Miranda* does not apply, and thus the district court correctly denied Taylor's motion in limine to exclude the statement.

3.      Taylor argues that the district court erred in excluding, under Federal Rule of Evidence 412, evidence of the nature of the website Seeking.com and E.B.'s reasons for going on the website. Taylor claims this exclusion violated

---

[1] Moreover, this was after the magistrate provided Taylor with *Miranda* warnings.

3

his constitutional right to present a defense.[2] We review a district court's evidentiary rulings for abuse of discretion and a district court's interpretation of the Federal Rules of Evidence de novo. *United States v. Haines*, 918 F.3d 694, 697 (9th Cir. 2019). In addition, we "review de novo whether a district court's evidentiary rulings violated a defendant's constitutional rights." *Id.*

18 U.S.C. § 2422(b) criminalizes "[w]hoever . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution . . . ." Count 2 of the indictment alleged that Taylor did:

> knowingly *persuade, induce, entice, and coerce* an individual who had not attained the age of 18 years, namely, a 15-year-old girl whom defendant TAYLOR knew to be less than 18 years old, to engage in a sexual activity for which a person can be charged with a criminal offense, namely, unlawful sexual intercourse with a person under the age of 18 years . . . . (emphasis added)

As the government conceded at argument, it did not have to charge Taylor with using *all* these statutory means. The government also sought and obtained a jury instruction that instructed the jury that one element of the offense was that

---

[2] Although the district court appeared to base its decision only on Rule 412, the government brought its motion in limine under Rule 412 and, in the alternative, under Rule 403. In addition to arguing that the evidence is inadmissible under Rule 412(a), the government also argued that the Rule 412(b)(1)(C) exception does not apply because the evidence was "irrelevant to the charges," and Taylor was "not constitutionally entitled to present irrelevant evidence."

4

Taylor did "knowingly persuade, induce, entice, or coerce" E.B.[3]  The evidence about the nature of Seeking.com and E.B.'s reasons for going on the website—that E.B. was seeking a "sugar daddy" relationship—was directly relevant to the charge, because it at least goes to the charged "coercion" of E.B.[4]

The district court erred here.  The court stated that "one can be . . . convinced and enticed without [] their will [being] overcome . . . . [T]he consent of the minor in this case is not relevant . . . . I don't think it's a defense that she was willing to go along with it."  "Consent" per se may not be a defense, but evidence that shows that defendant neither forced, threatened, nor compelled E.B., negates (i.e., is a "defense" to) the grand jury's charge that Taylor coerced E.B.

The court also stated:

> The problem with that statute is it conflates four verbs that have widely different meanings, right? So to coerce is to overcome the will of somebody. When you're coercing somebody, you're forcing somebody, but to persuade or entice are not necessarily overcoming the will of anybody. Those don't have to do with an initial opposition to

---

[3] The court also instructed the jury: "In considering whether a defendant persuaded, induced, enticed, or coerced an individual who had not attained the age of 18 years, I instruct you to use the ordinary, everyday definitions of these terms." An "ordinary, everyday" definition of coerce is "to compel to an act or choice" or "to achieve by force or threat."  *Coerce*, Merriam-Webster, https://www.merriam-webster.com/dictionary/coerce (last visited Jan. 22, 2024).

[4] In its answering brief, the government concedes that "Taylor's proffered evidence arguably might have been relevant to disprove that he 'coerced' E.B."

something and then an overcoming of that opposition to get what you want.

Persuade or induced, you could be neutral one way or the other and you're persuaded to do something or you're induced to do something.

So, yeah, there's a tension between those words, but I think that the Government has the better of it on this argument. So that evidence will be excluded at trial.

The court was correct that coercing means forcing (or at least trying to force). The court was also correct that persuading and enticing someone is not necessarily overcoming the will of that person. And if the government had only charged persuading, enticing, and inducing, then the district court might not have abused its discretion in barring evidence that clearly showed (or at the very least was highly relevant to showing) that Taylor did not coerce E.B. But since the government charged coercion, the court instructed the jury as to coercion, and the excluded evidence went directly to coercion, the district court abused its discretion in excluding that evidence.[5]

But the district court's error was harmless. Non-constitutional errors are

---

[5] Perhaps the evidence at issue—in addition to going to whether E.B. was coerced—could also be interpreted as going to E.B.'s sexual predisposition, and thus initially covered by Rule 412(a)(2)'s evidentiary bar. But even if we take the broad view that the evidence could go to her sexual predisposition, it would still be error to exclude the evidence, as it would violate Taylor's constitutional rights for him to both (1) be charged with coercion and (2) be barred from proving lack of coercion. Thus, the evidence would be admissible under Rule 412(b)(1)(C)'s exception.

harmless if the government can establish that "it is more probable than not that the error did not materially affect the verdict." *United States v. Torres*, 794 F.3d 1053, 1063 (9th Cir. 2015) (quoting *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002)). "The test for determining whether a constitutional error is harmless is whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *United States v. Walters*, 309 F.3d 589, 593 (9th Cir. 2002) (citation and internal quotation marks omitted). Our "[r]eview for harmless error requires not only an evaluation of the remaining incriminating evidence in the record, but also the most perceptive reflections as to the probabilities of the effect of error on a reasonable trier of fact." *Torres*, 794 F.3d at 1063 (quoting *United States v. Bishop*, 264 F.3d 919, 927 (9th Cir. 2001)).

Even assuming constitutional error,[6] the error was still harmless. The evidence presented at trial overwhelmingly supported the jury's conclusion that one or more of the verbs in § 2422(b) and the indictment, other than "coerced," (e.g., "entices") was satisfied.

First, many text messages between Taylor and E.B. show that he enticed, induced, and attempted to persuade E.B. by offering (and providing) her money

---

[6] Defendant claims he was denied the "constitutional right to present a defense" because "the excluded evidence was demonstrative of . . . [E.B.'s] willingness to participate in [the] arrangement." However, Taylor was not prevented from presenting *all* evidence that negated the verbs in the statute, including coerced.

and other items for sex. For example, the following messages were read into evidence:

> Do you like sex, baby? . . . Be my sugar baby and I'll take care of you, okay? . . . I'll treat you like a princess, baby. Let me know how much a phone is and if you can receive money.
>
> * * *
>
> You need a phone. And I want to see pics of you, please, before Saturday . . . . I will be soft and treat you good.
>
> * * *
>
> Mmm, I like you. Would you send me nudes, baby? . . . I'll bring 400 if you send me some nudes of you.
>
> * * *
>
> I need your nudes. I'm so [redacted][7] hard.
>
> * * *
>
> Lots of legs spread. I want to see your 16-year-old [redacted][8] spread wide.
>
> * * *
>
> Cus daddy's gonna take it on Saturday.
>
> * * *
>
> I'll be honest. I like your age. It's kinda hot. So I'm gonna be there for sure Sat.
>
> * * *
>
> If you can send pics before, like tomorrow, I'll bring 400 instead of 300. And if you can prove age . . . I'll even give you a little more.
>
> * * *
>
> If we go on for a while, I'll get you a nice phone.

And, directly relevant to E.B. not being "coerced," the jury learned from

---

[7] Redacted in disposition only. Actual word read to jury.

[8] Redacted in disposition only. Actual word read to jury.

E.B.'s testimony, including cross-examination, that she sought the arrangement for money and other tangible consideration, and was a willing, non-coerced, participant.

There could have been no doubt, reasonable or otherwise, that E.B. was, for example, "enticed" by Taylor. Nor, given the state of the evidence, could the jury have concluded (notwithstanding the evidentiary exclusions), that E.B. *was* "coerced" by Taylor. The error was therefore harmless.

4. The district court did not—as Taylor contends—engage in impermissible double counting by applying the use of a computer and sex act enhancements under USSG § 2G1.3(b)(3)(B) and (b)(4)(A), respectively. "[W]e review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error." *United States v. Harrington*, 946 F.3d 485, 487 (9th Cir. 2019) (quoting *United States v. Smith*, 719 F.3d 1120, 1123 (9th Cir. 2013)). "Impermissible double counting occurs when a court applies an enhancement for a necessary element of the underlying conviction." *United States v. Hornbuckle*, 784 F.3d 549, 553 (9th Cir. 2015). Because the use of a computer and "the commission of a sex act or sexual contact" are not necessary elements of § 1591 (which provided the base offense level of 30 under USSG § 2G1.3(a)(2)), *id.* at 554, there was no impermissible double counting.

5. The district court did not impose a sentence that represents an

unlawful disparity among similarly situated defendants. The relevant inquiry is whether the district court's sentence was "reasonable or whether the judge instead abused his discretion in determining that the § 3553(a) factors supported the sentence imposed." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020) (citation and internal quotation marks omitted). The district court sentenced Taylor below the guideline range and above the ten-year mandatory minimum required by § 2422(b) and § 1591. Taylor compares his case to *United States v. Dhingra*, 371 F.3d 557 (9th Cir. 2004), a case in which a defendant charged under § 2422(b) was given a custodial sentence of twenty-four months. Even were we to be persuaded of an unreasonable disparity based on a single case, § 2422(b) did not require a ten-year mandatory minimum at the time of the sentencing in *Dhingra*. There is nothing to suggest that the sentence here was unreasonable or that the district court abused its discretion "in determining that the § 3553(a) factors supported the sentence imposed." *Holguin-Hernandez*, 140 S. Ct. at 766.

   **AFFIRMED.**

CALLAHAN, Circuit Judge, concurring:

I concur in the majority's disposition and agree that *if* the district court erred in excluding evidence under Federal Rule of Evidence 412, then that error was harmless. I write only to indicate that I do not see any error in the exclusion.

I agree with the majority that the excluded evidence was relevant to whether Taylor coerced E.B. The majority's principal concern with excluding this evidence is that Count 2 of the government's indictment alleged that Taylor did knowingly "persuade, induce, entice, *and* coerce" E.B. The problem with the majority's conclusion is that the jury was not privy to the language of Count 2, and instead was instructed that the government must prove that Taylor did "knowingly persuade, induce, entice, *or* coerce" E.B. The majority therefore based its analysis on language that never made it to trial, which by definition could not be "relevant and material" to Taylor's defense or otherwise have "affected the judgment of the trier of fact." *Murray v. Schriro*, 882 F.3d 778, 810 (9th Cir. 2018) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

There was also no constitutional violation. Because the jury only had to find that Taylor persuaded, *or* induced, *or* enticed, *or* coerced E.B., coercion was not "an element that must be proven to convict [Taylor]," *Clark v. Arizona,* 548 U.S. 735, 769 (2006), the excluded evidence was not "central to [Taylor's] claim of innocence," *Crane v. Kentucky*, 476 U.S. 683, 690 (1986), and E.B.'s testimony

vitiated Taylor's need to present evidence to "defend against the State's accusations" relating to this element of the crime. *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973).